OPINION
Edward Hicks is appealing from a determination by the Montgomery County Common Pleas Court that he is a sexual predator.
Hicks was indicted and convicted on three counts of rape and one count of kidnaping, each with a firearm specification, resulting from contact he had had with a female on August 22, 1998. The female was stopped at a traffic light when Hicks entered her vehicle, placed a gun to her side, and forced her to drive to a park, where he repeatedly raped her. On April 9, 1999, Hicks was sentenced to twenty-three years in prison. Also at that hearing, the trial court determined that Hicks was a sexual predator.
Hicks appealed the sexual predator determination to this Court, asserting that the trial court's classification was against the manifest weight of the evidence. This Court remanded the matter for a re-determination of the classification because the trial court had felt that it was required to base its determination upon all ten factors under R.C. 2950.09(B)(2). We found error in the trial court's decision based upon our decision in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, and held that the trial court may consider, but wasnot required to consider, evidence involved in any of the statutory factors set out in R.C. 2950.09(B)(2)(a)-(j).[1] State v. Hicks (May 19, 2000), Montgomery App. No. 17730, unreported. At a hearing on July 24, 2000, the trial court again made the determination that Hicks was a sexual predator.
Hicks timely appeals, bringing the following as his sole assignment of error:
I.
 The trial court erred when it labeled Appellant as a sexual predator when such a label is unsupported by clear and convincing evidence as is required by law and is thus against the manifest weight of the evidence[.]
A sexual predator is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
If the trial court's decision is supported by clear and convincing evidence, it will not be disturbed on appeal. R.C. 2950.09(B)(3); Statev. Copes (Sept. 3, 1999), Montgomery App. No. 17483, unreported. Clear and convincing evidence "is the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard of proof, being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341, 346.
In this case, the sole witness at the sexual predator classification hearing was Montgomery County probation officer Michael Hurt. Hurt reviewed the report prepared by Hick's probation officer Mary Williams, along with the House Bill 180 screening instrument, the pre-sentence investigation report, and the psychological report prepared by Dr. Susan Perry Dyer. As it turns out, Hicks was convicted of rape in April of 1981, when he and a co-defendant raped and robbed a victim at gunpoint. Hicks was paroled in 1990, and released from parole in 1995. While on parole, he completed a sexual offender treatment program. Less than three years later, this incident occurred.
Hurt disagreed slightly with Williams' and Dr. Dyer's evaluations of several of the factors under R.C. 2950.09(B)(2); however, Hurt concluded that Hicks should be designated a sexual predator. The trial court found that there was clear and convincing evidence that Hicks was a sexual predator and should be classified as such. In making this determination, the trial court expressed concern regarding Hicks' prior rape and robbery conviction, the fact that Hicks threatened his victims with a gun, and that Dr. Dyer's evaluation concluded that Hicks had taken no responsibility for either rape.
It is Hicks' contention that the trial court's decision is not supported by the evidence. In particular, Hicks argues that Hurt's testimony provided many inconsistencies. Hicks also asserts that Hurt's unfamiliarity with Hicks, and the fact that Hurt had not performed any of the investigations in any of the reports to which he testified, should render Hurt's testimony incredible and irrelevant. We disagree. We note that in State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court found that, pursuant to Evid.R. 101(C), the rules of evidence do not strictly apply in a sexual predator hearing and, therefore, reliable hearsay may be relied upon by the trial court. We find that Hurt's testimony in this matter would fall within the category of reliable hearsay.
Hicks argues that Hurt provided evidence to refute the sexual predator classification. For example, Hurt opined that there had been no reasonable time correlation between the prior offense and the instant offense to support a pattern of abuse, a conclusion contradictory to Williams' opinion. In making its decision, however, the trial court stated that it had not placed great weight upon Dr. Dyer's finding that Hicks had exhibited a chronic pattern of abuse. Therefore, we find Hurt's testimony to be ineffective in refuting the trial court's decision.
Hicks also takes issue with the prior offense factor under R.C.2950.01(B)(2)(b). Hicks notes in the first several paragraphs of his argument that he is not challenging the constitutionality of the statute, however he is concerned with Hurt's statement that this factor is a "no win" factor. At the hearing, Hurt stated that if a person with any prior offenses had not received treatment, the box would be checked "no" and would not count against them, but if they had received treatment and still re-offended, the individual would be adversely affected. In this case, Hicks did have a prior conviction for rape, and he did undergo and complete a sexual offender treatment program. However, the fact remains that Hicks did offend, did complete a treatment program, but then proceeded to re-offend, a factor which the trial court was free to consider.
Next, Hicks briefly argues that it was error for the trial court to consider the portion of Dr. Dyer's evaluation addressing his prior criminal record. Hicks argues that the trial court should not have factored his arrest for a 1976 aggravated burglary charge which eventually was dismissed into the recidivism analysis. We find that any error the trial court might have committed in relying on this portion of Dr. Dyer's evaluation would be harmless, as the arrest was just briefly mentioned in one sentence in the report, and there was plenty of evidence to support the trial court's decision otherwise.
Additionally, Hicks makes a general assertion that the remaining evidence provided at the hearing does not support the trial court's determination that he is a sexual predator. We disagree. The trial court thoroughly explained its reasons for finding Hicks to be a sexual predator at the conclusion of the hearing. Tr. 63-67. The trial court was perfectly free to assign more weight to some of the factors of R.C.2950.09(B)(2) than to others. State v. Mollohan (Aug. 19, 1999), Washington App. No. 98-CA-13, unreported; State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported. The trial court found it highly significant that Hicks had a prior rape conviction, Hicks had used a gun to threaten his victims, and Hicks had not taken responsibility for his prior rape. Based upon the evidence in the record, we find that the trial court did not abuse its discretion in concluding that there was clear and convincing evidence that Hicks is likely to engage in the future in one or more sexually oriented offenses.
Finally, Hicks briefly contends that his inability to cross-examine Williams and Dr. Dyer violated his Sixth Amendment rights. We note that Hicks failed to raise this issue in conformity with the Appellate Rules. This assignment of error is not separately argued, and App.R. 12(A)(2) expressly authorizes this Court to disregard errors not separately argued. State v. Stojetz (1999), 84 Ohio St.3d 452, 455. See, also,Advertising Tapes Inc. v. Misquita (Apr. 15, 1998), Summit App. No. 18631, unreported (summarily rejecting the appeal on the basis that the appellant's brief failed to comply with the Appellate Rules). However, we will note that Hicks also waived his right to bring this up on appeal as the record reveals that Hicks failed to object to the nature of the evaluation at trial, and he failed to request that Williams or Dr. Dyer be present for questioning. Moreover, we do not find that this amounted to plain error.
In light of the above discussion, we find that the trial court's classification of Hicks as a sexual predator is supported by clear and convincing evidence.
Hicks' assignment of error is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and GLASSER*, J., concur.
* Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] But see, State v. Thompson (2001), 92 Ohio St.3d 584, decided afterState v. White, supra.