This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Martin, appeals the decision of the Medina County Court of Common Pleas, adjudicating him a sexual predator. We affirm.
On July 19, 2000, the Medina County Grand Jury indicted Mr. Martin on one count of rape, in violation of R.C. 2907.02(A)(1)(b). This charge arose from conduct involving his then nine-year-old granddaughter as the victim. After conducting some discovery, Mr. Martin pled no contest to the charge, and the trial court found him guilty of rape, in violation of R.C. 2907.02(A)(1)(b). He was sentenced accordingly. A sexual offender classification hearing was held on May 11, 2001. In a judgment journalized on May 18, 2001, the trial court adjudicated Mr. Martin to be a sexual predator, pursuant to R.C. Chapter 2950. This appeal followed.
Mr. Martin asserts a single assignment of error:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES IN THE FUTURE.
Mr. Martin avers that the trial court's decision adjudging him to be a sexual predator is supported by insufficient evidence as a matter of law. Specifically, he challenges the trial court's determination that he is likely to engage in one or more sexually oriented offenses in the future. We disagree.
In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender was convicted of or pled guilty to a sexually oriented offense, as defined in R.C. 2950.01(D), and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E) and 2950.09(B)(3); State v.Eppinger (2001), 91 Ohio St.3d 158, 161. In determining whether the offender is likely to engage in one or more sexually oriented offenses in the future, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). Although the trial court must consider these guidelines in reaching its decision, the trial court retains discretion to determine what weight, if any, each guideline will be assigned. Statev. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus. Furthermore, the trial court may consider other evidence relevant to determining the likelihood of recidivism, although the evidence is not specifically enumerated in R.C. 2950.09(B)(2). Id.
After reviewing all testimony and evidence presented at the sexual offender classification hearing and considering the R.C. 2950.09(B)(2) guidelines, the trial court must determine by clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence is that which will produce a firm belief or conviction as to the matter to be established in the mind of the trier of fact. Cross v. Ledford (1954), 161 Ohio St. 469, 477. "In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard."State v. Hoagland (Apr. 11, 2001), Summit App. No. 20262, unreported, at 6.
In the present case, Mr. Martin does not dispute that he was convicted of a sexually oriented offense, namely rape, in violation of R.C.2907.02(A)(1)(b). See R.C. 2950.01(D)(1). Rather, he contends that the trial court's determination that he was likely to engage in one or more sexually oriented offenses in the future was supported by insufficient evidence as a matter of law. We disagree.
At the hearing, the state presented the testimony of Dr. Suzanne LeSure and Detective Henry Papushak of the Brunswick Police Department. Dr. LeSure, who has a Ph.D. in psychology and treats sex offenders, testified that the rate of recidivism among sexual offenders, as a category, is relatively high. She also enumerated certain factors that were indicators of recidivism, including multiple offenses or victims, vulnerability of the victim, such as victims who are children, and sexual arousal to or fantasies about children. She noted that the victim's status as a family member would indicate a lesser likelihood of reoffending. As she had not personally examined Mr. Martin, Dr. LeSure did not offer a professional opinion as to whether he was likely to reoffend, but stated that the fact that Mr. Martin's victim was young concerned her greatly because it suggested arousal to children.
Detective Papushak testified that he investigated Mr. Martin due to a complaint that Mr. Martin had sexually molested his granddaughter. Detective Papushak related that Mr. Martin had admitted to having fondled his granddaughter and to having had "problems" like this before for which he sought treatment. Detective Papushak had information that led him to believe that the previous incidents involved Mr. Martin's daughters, when they were young. According to the detective, Mr. Martin also admitted to having sexual fantasies about young females.
In his defense, Mr. Martin presented the expert testimony of Dr. Gintautas Sabataitis, who has a Ph.D. in psychology and treats sex offenders. Dr. Sabataitis testified that she intensively examined Mr. Martin and administered several psychological tests to him. Based upon her expertise, the results of the tests, and her interviews with Mr. Martin, Dr. Sabataitis opined that Mr. Martin had no risk factors for recidivism. On cross-examination, Dr. Sabataitis acknowledged that all of her information was supplied by Mr. Martin and that she was unaware that Mr. Martin's daughters alleged that he sexually abused them when they were young. Additionally, Dr. Sabataitis related that one of the psychological tests indicated that Mr. Martin had difficulty with impulse control; however, she believes that impulse control is not an indicator of recidivism.
A review of the record in the case sub judice demonstrates that the trial court's classification of Mr. Martin as a sexual predator is supported by clear and convincing evidence. The record indicates that the trial court considered the evidence in light of the factors listed in R.C. 2950.09(B)(2) before concluding that Mr. Martin should be classified a sexual predator. The trial court considered the ages of both Mr. Martin (sixty-seven years old) and his victim (nine years old), the fact that the victim was a family member, Mr. Martin's admission to having sexual fantasies about young females, and his difficulty controlling his impulses. After an independent review of the record, we conclude that the trial court's decision to designate Mr. Martin a sexual predator was supported by sufficient evidence. Accordingly, Mr. Martin's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.