JOURNAL ENTRY AND OPINION
Defendant-appellant Marvin Jones appeals from the trial court's judgment that classifies him as a sexual predator. On appeal, he maintains that the evidence failed to establish the elements necessary for applying that designation to him. For the reasons that follow, we affirm the judgment of the trial court.
In 1996, defendant pled guilty to rape. Upon the State's motion, the trial court conducted a sexual predator classification hearing in May, 2001. The State introduced the police report of the underlying rape offense; the written statement of the twenty-three-year-old female victim; and the defendant's written statement. According to the victim's statement, the defendant and an accomplice approached her in a school yard. Defendant brandished a gun as the two men dragged the victim by her coat to an abandoned house.
The two men allegedly searched the victim for money, threatened to play a game of Russian roulet, and removed the victim's outer clothes. Defendant's accomplice forced the victim to perform oral sex. At the same time, defendant anally raped the victim. Subsequently, defendant forced the victim to perform oral sex and then vaginally raped the victim. At some point, defendant's accomplice set fire to the victim's pants. The men left the victim with the burnt pants and threw the remainder of her clothing on top of the school. The victim clothed herself in a used garbage bag and the remains of her burnt pants and contacted the police who apprehended the defendant and his accomplice.
Defendant's statement, and his recent court testimony, relates a different version of events. In his statement to police near the time of the incident, defendant indicated that he was smoking marijuana and drinking beer. Defendant stated that the victim engaged in consensual oral sex with both him and his friend on that day in exchange for drugs. He denied having sexual intercourse with the victim that day. He maintained that they did not have a gun and that they took the victim's clothes and burned her pants because she owed the defendant's accomplice money. Defendant stated that the victim felt the drugs were not real and implied that she called the police for that reason.
However, at the sexual predator hearing, defendant stated that he engaged in some consensual sexual acts with the victim the day of the offense, however, he admitted that she did not give consent for oral sex which he forced upon her. (Tr. 11-12). He still maintained that he did not have a gun at the time but was known in the neighborhood to have used a weapon in the past for "shoot-outs and all kind [sic] of ruckus." (Tr. 12-13).
A sexual offender assessment of defendant on October 6, 1997, was part of the evidence presented for the trial court's consideration. The assessment rates the defendant "to be a high risk for sexually re-offending." The assessment further provides that the defendant "is a power rapist at high risk to re-offend."
The defendant stipulated to the authenticity and admissibility of an evaluation by the Court's Psychiatric Clinic (the "Report") relating to the defendant that was conducted for purposes of the hearing. The Report rated defendant within the medium to high range for recidivism.
In addition to the evidence detailed above, the court was aware of defendant's prior criminal record, including receiving stolen property and drug offenses. He is currently incarcerated for three separate felony offenses.
After considering the above evidence, the court found the defendant to be a sexual predator. The court emphasized the "number of prior convictions that the defendant suffers from as an adult as well as a juvenile." The court further noted that the defendant's offense "was committed with particular cruelty." From this judgment, the defendant appeals and assigns two errors for our review. Assignment of Error I states:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
To warrant a sexual predator classification, the State must prove by clear and convincing evidence that the offender "has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3)." State v. Eppinger (2001) 91 Ohio St.3d 159, 163. [Emphasis in original.] As enunciated by the Ohio Supreme Court:
 [C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Id. at 164 (citation omitted). In reviewing a trial court's determination as to a sexual offender classification, we must examine the record to determine whether the evidence satisfies the requisite degree of proof.State v. Cook (1998), 83 Ohio St.3d 404, 425-426; State v. Schiebel
(1990), 55 Ohio St.3d 71, 74.
The trial court is to consider "all relevant factors," including, but not necessarily limited to, those factors itemized in R.C. 2950.09(B)(2).Id. at 644.
After reviewing the entire record, including, but not limited to, the facts and evidence considered by the trial court as set forth above, we find that the evidence met the requisite degree of proof to support the trial court's classification of the defendant as a sexual predator. This assignment of error is overruled.
 II. AS HELD BY THE SUPREME COURT IN STATE V. THOMPSON
AND AS DISCUSSED BY THE TENTH DISTRICT COURT OF APPEALS IN STATE V. BURKE, THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLANT WAS A SEXUAL PREDATOR UPON CONSIDERING ONLY R.C. 2950.09(B)(2)(I).
Defendant asserts that the record is devoid of evidence to suggest that the trial court considered the factors set forth in R.C. 2950.09(B)(2) before applying the sexual predator label. The State counters that the trial court did, in fact, consider several factors by virtue of the evidence presented for its review.
Defendant relies upon the Tenth District unreported case captionedState v. Burke (Sept. 21, 2000), Franklin App. No. CA 00AP-54, unreported and State v. Thompson (2001), 92 Ohio St.3d 584 to support its position. However, the court in Burke notes that "a court is under no obligation to `tally up' or list the R.C. 2950.09(B)(2) factors in any particular fashion." Id. This is consistent with the authority of Thompson.
In Thompson, the Ohio Supreme Court directs that the statutory language "requires the court to `consider' the factors listed in 2950.09(B)(2)."Id. at 587-588. It further defines "consider" as meaning "`to reflect on: think about with a degree of care or caution.' Webster's Third New International Dictionary (1986) 483." Id.
While R.C. 2950.09(B)(2) contains a list of non-exhaustive factors for the court's consideration, the trial judge is vested with discretion "to determine what weight, if any, he or she will assign to each guideline."Id. The court can consider other evidence that it feels may be relevant to determining recidivism. Id. at 588.
In this case, we find that the record establishes that the trial court not only considered those factors that it listed, but also considered the psychological evaluation of the defendant rating him at risk to re-offend. The transcript of the sexual predator hearing indicates that the court examined the defendant, considered his criminal history, including both juvenile and adult offenses, and the nature of the offense as detailed in the various statements and evidence presented. Accordingly, we find that the trial court in this particular case adhered to the legal precedent guiding the sexual predator determination. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR.