OPINION
Defendant-appellant Glenn Joan appeals the June 26, 2001 Judgment Entry of the Morrow County Court of Common Pleas, adjudicating him a "sexual predator" pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 13, 1995, a Morrow County Grand Jury indicted appellant on twenty counts of rape, in violation of R.C. 2907.02; twenty-three counts of gross sexual imposition, in violation of R.C. 2907.05; and ten counts disseminating material harmful to juveniles, in violation of R.C.2907.31(A)(1). Pursuant to a plea agreement, appellant withdrew his pleas of not guilty and entered pleas of guilty to two counts of attempted rape and four counts of gross sexual imposition. In exchange, the State dismissed the remaining counts. The trial court sentenced appellant to two years on each of the gross sexual imposition counts, and ordered the sentences be served consecutive to one another. With respect to the attempted rape charges, the trial court sentenced appellant to serve five to fifteen years on each count, and ordered the sentences be served consecutive to each other. The trial court further ordered the sentences on the attempted rape counts be served consecutive to the sentences on the gross sexual imposition charges. The trial court suspended the sentences for the attempted rape charges, and placed appellant on probation upon his completion of the sentences on the gross sexual imposition charges. Appellant was released on October 11, 2000.
On June 21, 2001, the trial court conducted a hearing to determine appellant's status as a sexually oriented offender. The State presented the testimony of the investigating officer, and requested the trial court take judicial notice of the court's file. The trial court adjudicated appellant a sexual predator via Journal Entry filed June 26, 2001.It is from this entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE AND THE PRESUMPTION USED BY THE TRIAL COURT TO MAKE IT'S DETERMINATION WAS IN ERROR.
 I
Herein, appellant contends the trial court erred in finding him to be a sexual predator by clear and convincing evidence. Specifically, appellant asserts the trial court utilized an incorrect presumption in making its determination.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2), which sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator", provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the instant action, the trial court made the following statement prior to issuing its ruling:
 THE COURT: As the Court has indicated numerous times before, the statute mandates that the State of Ohio carry its burden by clear and convincing evidence of proving not only that we have a sexually oriented offense having been committed, but that there is a likelihood of recommission. The statute does not give us a crystal ball to look into the future. However, as this Court has stated before and I will restate in this case, that it gives us a list of things to consider in determining whether or not, whether an offender is a sexual predator and whether or not there is a likelihood of recommission.
 And that list is numbered or lettered at least in the statute A through J. This Court continues to take the position that proof of one or more of these items listed A through J in the statute is a rebuttable presumption that the likelihood of recommission will occur. Having heard evidence only by the State, this Court based thereon will find that the State has proved by clear and convincing evidence several of those items; specifically the age of the offender at the time; the age of the victims being very young; the fact that there were, in fact, multiple victims; there may or may not have been mental illness involved; the multitude of the crimes charged, not necessarily convictions would indicate a pattern of abuse; and because of the Defendant's relationship with the victims, albeit not that of a parent, but at least a person who is a relative and older by years at least than the victims, would indicate that there could be a pattern of cruelty here by taking advantage of that situation.
 All of those have been proven to the Court by clear and convincing evidence. The Court will find that there is, in fact, a pre — have trouble with that word, a presumption that the Defendant is a sexual predator which has not been in any way, shape or form been rebutted. * * *[1]
In State v. Thompson[2], the Ohio Supreme Court stated:
 We find that the factors listed in R.C. 2950.09(B)(2) are guidelines that serve an important function by providing a framework to assist judges in determining whether a defendant, who committed a sexually oriented offense, is a sexual predator. These guidelines provide consistency in the reasoning process. Without such guidelines, judges would be left in uncharted waters and decisions on whether a defendant was a sexual predator could vary widely depending on a judge's own viewpoint on the issue. However, these guidelines do not control a judge's discretion. R.C. 2950.09(B)(2) requires a court to "consider all relevant factors including, but not limited to, all of the following [factors]." This language requires the court to "consider" the factors listed in R.C. 2950.09(B)(2), but does not direct the court on what weight, if any, it must assign to each factor. Such an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor.[3]
We find the trial court erred in its legal analysis. Although the statute lists factors for a trial court to consider in determining whether an offender is a sexual predator and whether there is a likelihood of recidivism, the presence of one or more of those factors do not create a rebuttal presumption the offender is a sexual predator. Although the existence of one or more of those factors may support the conclusion appellant is a sexual predator, the trial court improperly shifted the burden proof from the State to appellant by finding a presumption existed.
Although we find the facts presented in the instant action are sufficient to demonstrate a pattern of sexual abuse by appellant, and could ultimately support the trial court's classification of appellant as a sexual predator, we find the legal standard utilized by the trial court was erroneous. Accordingly, we reverse and remand this matter for redetermination under the proper legal standard.
Appellant's sole assignment of error is sustained.
The judgment of the Morrow County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. EDWARDS, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
[1] June 21, 2001 Sexual Predator Hearing, Tr. at 16-18.
[2] State v. Thompson (2001), 92 Ohio St.3d 584.
[3] Id. at 587-588.