[This decision has been published in *Ohio Official Reports* at 92 Ohio St. 3d 584.]

THE STATE OF OHIO, APPELLANT, *v.* THOMPSON, APPELLEE.

[Cite as *State v. Thompson*, 2001-Ohio-1288.]

*Criminal law—Sexual predators—Judge must consider guidelines set out in R.C. 2950.09(B)(2) but has discretion to determine what weight, if any, will be assigned to each guideline—Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence deemed relevant to determine likelihood of recidivism—R.C. 2950.09(B)(2) does not violate separation-of-powers doctrine.*

(No. 00-1555—Submitted May 30, 2001—Decided August 22, 2001.)

APPEAL from the Court of Appeals for Montgomery County, No. 17984.

_____

SYLLABUS OF THE COURT

1. A judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.

2. Because R.C. 2950.09(B)(2) does not encroach upon the trial court's fact-finding authority, it does not violate the separation-of-powers doctrine.

_____

LUNDBERG STRATTON, J.

{¶ 1} Defendant-appellee, David M. Thompson, was convicted of rape, aggravated robbery, and felonious assault. In March 1975, he was sentenced to prison terms of four to twenty-five years for rape, four to twenty-five years for aggravated robbery, and two to fifteen years for felonious assault, all sentences to be served concurrently. The defendant was later paroled, but he violated the terms

of his parole and was reincarcerated. On September 24, 1999, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09 due to defendant's rape conviction. The trial court found that the defendant is a sexual predator.

{¶ 2} The defendant appealed the trial court's sexual predator determination. The appellate court, following its own decision in *State v. White* (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, 1999 WL 1000000, held that R.C. 2950.09 violates the separation-of-powers doctrine by usurping the trial court's fact-finding role because it prescribes what evidence trial courts must consider in determining whether a sexual offender is likely to reoffend. Thus, the appellate court reversed the trial court's judgment and remanded the cause with the instruction that the trial court "may, but is not required, to consider any of the statutory factors in R.C. 2950.09(B)(2)."

{¶ 3} This cause is now before this court pursuant to the allowance of a discretionary appeal.

{¶ 4} The sole issue before this court is whether R.C. 2950.09 violates the separation-of-powers doctrine because it encroaches upon the judiciary's fact-finding authority. We find that it does not.

{¶ 5} It is well settled that legislation enjoys a presumption of constitutionality. *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.* (1999), 87 Ohio St.3d 325, 328, 720 N.E.2d 901, 904. A statute will be given a constitutional interpretation if one is reasonably available. *State v. Keenan* (1998), 81 Ohio St.3d 133, 150, 689 N.E.2d 929, 946. The constitutional presumption remains unless it is proven beyond a reasonable doubt that the legislation is unconstitutional. *State v. Williams* (2000), 88 Ohio St.3d 513, 521, 728 N.E.2d 342, 352.

{¶ 6} The separation-of-powers doctrine implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others. See *Zanesville v. Zanesville Tel. &*

*Telegraph Co.* (1900), 63 Ohio St. 442, 59 N.E. 109, paragraph one of the syllabus. The purpose of the separation-of-powers doctrine is to create a system of checks and balances so that each branch maintains its integrity and independence. *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 463, 668 N.E.2d 457, 466, citing *S. Euclid v. Jemison* (1986), 28 Ohio St.3d 157, 159, 28 OBR 250, 252, 503 N.E.2d 136, 138.

{¶ 7} Under our Constitution, the General Assembly is vested with the power to make laws. Section 1, Article II, Ohio Constitution. Its lawmaking power is limited only by the state and federal Constitutions. *Angell v. Toledo* (1950), 153 Ohio St. 179, 181, 41 O.O. 217, 218, 91 N.E.2d 250, 251. The Ohio Constitution prevents the General Assembly from exercising "any judicial power, not herein expressly conferred." Section 32, Article II, Ohio Constitution.

{¶ 8} Conversely, courts "possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government." *State ex rel. Johnston v. Taulbee* (1981), 66 Ohio St.2d 417, 20 O.O.3d 361, 423 N.E.2d 80, paragraph two of the syllabus, approving and following *State ex rel. Foster v. Lucas Cty. Bd. of Commrs.* (1968), 16 Ohio St.2d 89, 45 O.O.2d 442, 242 N.E.2d 884, paragraph two of the syllabus. "It is indisputable that it is a judicial function to hear and determine a controversy between adverse parties, to ascertain the facts, and, applying the law to the facts, to render a final judgment." *Fairview v. Giffee* (1905), 73 Ohio St. 183, 190, 76 N.E. 865, 867.

{¶ 9} We start our separation-of-powers analysis by examining the language of R.C. 2950.09(B)(2), which states:

"In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall *consider* all relevant factors *including, but not limited to*, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) *Any additional behavioral characteristics that contribute to the offender's conduct*." (Emphasis added.)

{¶ 10} The appellate court held that R.C. 2950.09(B)(2) violates the separation-of-powers doctrine because it *prescribes* evidence that the court *must* consider in determining whether an offender is a sexual predator. We disagree with this interpretation.

{¶ 11} We find that the factors listed in R.C. 2950.09(B)(2) are guidelines that serve an important function by providing a framework to assist judges in determining whether a defendant, who committed a sexually oriented offense, is a sexual predator. These guidelines provide consistency in the reasoning process. Without such guidelines, judges would be left in uncharted waters and decisions on whether a defendant was a sexual predator could vary widely depending on a judge's own viewpoint on the issue.

{¶ 12} However, these guidelines do not control a judge's discretion. R.C. 2950.09(B)(2) requires a court to "*consider* all relevant factors including, but not limited to, all of the following [factors]." This language requires the court to "consider" the factors listed in R.C. 2950.09(B)(2), but does not direct the court on what weight, if any, it must assign to each factor.[1] Such an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor. As we stated in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881, 889, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the *particular evidence* and *factors upon which it relies* in making its determination regarding the likelihood of recidivism." (Emphasis added.)

{¶ 13} Accordingly, we find that R.C. 2950.09 requires a judge to consider the guidelines set out in division (B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. See, generally, *State v. Maser* (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported, at * 3, 1999 WL 236174; *State v. Bradley* (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported, at * 5, 1998 WL 321306.

---

1. The word "consider" means "to reflect on: think about with a degree of care or caution." Webster's Third New International Dictionary (1986) 483.

**{¶ 14}** The guidelines also do not provide an exclusive list of factors to consider when determining whether an offender is a sexual predator. This is evidenced by the General Assembly's use of the phrase directing courts to "consider all relevant factors, *including, but not limited to,* all of the following [factors].*"* R.C. 2950.09(B)(2). The phrase "including, but not limited to" "indicates that what follows is a nonexhaustive list of examples." *State v. Lozano* (2001), 90 Ohio St.3d 560, 562, 740 N.E.2d 273, 275, citing *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 156, 735 N.E.2d 433, 444 (Lundberg Stratton, J., dissenting). Thus, the "factors" enumerated in R.C. 2950.09(B)(2) are merely a nonexhaustive list of examples that a court must consider in a sexual predator hearing. Accordingly, a judge may consider evidence other than those factors listed in R.C. 2950.09(B)(2) that he or she believes is relevant to determining recidivism.

**{¶ 15}** Further, R.C. 2950.09(B)(2)(j) is a catchall provision under which a judge can consider "[a]ny additional behavioral characteristics" of the offender that he or she believes are relevant to the determination of whether the offender is a sexual predator.

**{¶ 16}** Accordingly, we find that R.C. 2950.09(B)(2) permits a judge to consider any other evidence that he or she deems relevant to determining the likelihood of recidivism, even though not specifically enumerated in R.C. 2950.09(B)(2).

Conclusion

**{¶ 17}** We find that a judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism. Therefore, because R.C. 2950.09(B)(2) does not encroach upon the trial court in its fact-finding authority, it does not violate the separation-of-powers doctrine. Accordingly, we reverse the judgment of the appellate court and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

_____

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Kirsten A. Davies*, Assistant Prosecuting Attorney, for appellant.

*Betty D. Montgomery*, Attorney General, and *David M. Gormley*, State Solicitor, urging reversal for *amicus curiae*, Attorney General of Ohio.

_____