OPINION
Defendant, Paul Burton, appeals from the trial court's determination that he is a sexual predator.
As part of a negotiated plea agreement, Defendant pled guilty on May 4, 1993, to one count of rape involving a child under thirteen years of age. R.C. 2907.02(A)(1)(b). In exchange, the State dismissed another identical rape charge and a charge of gross sexual imposition. The trial court sentenced Defendant to five to twenty-five years imprisonment.
On October 24th and 27th, 2000, a sexual offender classification hearing was held. At the conclusion of the hearing, the trial court classified Defendant as a sexual predator. From that determination Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE EVIDENCE PRESENTED AT THE SEXUAL PREDATOR HEARING WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE DEFENDANT-APPELLANT BEING CLASSIFIED AS A SEXUAL PREDATOR.
In order to adjudicate Defendant a sexual predator, the trial court was required to find by clear and convincing evidence that Defendant had been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3).
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477; State v. Ingram (1992),82 Ohio App.3d 341.
Defendant's conviction for rape constitutes a sexually oriented offense. R.C. 2950.01(D)(1). Thus, the only remaining issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson (2001), 92 Ohio St.3d 584 . Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion,"Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id. The statutory guidelines are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Defendant alleges that the State failed to present "clear and convincing evidence" that he is likely to engage in the future in additional sex offenses. Defendant makes no argument in his appellate brief, however, regarding how or why the State's evidence was insufficient.
At the hearing, the State introduced State's Exhibit 1 which was admitted without objection. This exhibit includes the House Bill 180 Screening Instrument, the Institution Summary Report, the Pre-Sentence Investigation Report from 1993, and a Forensic Evaluation of Defendant performed by Dr. Gibeau in October 1999.
The evidence presented in this case is probative of the increased risk for re-offending that Defendant poses. The victim of this sexual offense, the seven year old son of Defendant's girlfriend, was abused on more than one occasion by Defendant. R.C. 2950.09(B)(2)(h). Dr. Gibeau noted that Defendant's exploitation of a young child indicates a willingness to abuse a person who cannot defend himself. Statistical evidence indicates a high rate of recidivism among sex offenders who exploit young children. R.C. 2950.09(B)(2)(c); State v. Condron (March 27, 1998), Montgomery App. No. 16430, unreported.
Some of the screening tests Dr. Gibeau utilized to assess the likelihood that Defendant would reoffend in the future revealed that Defendant poses a "high risk for reoffending." Dr. Gibeau concluded that Defendant's multiple assaults on this young victim demonstrated a preoccupation with homosexuality often found in individuals who have hyperactive sexual desire disorder, that is precipitated by mood altering chemicals. R.C. 2950.09(B)(2)(j). Dr. Gibeau also noted that Defendant used drugs, marijuana, to lower his own inhibitions when perpetrating this offense, which in turn decreased his self-control. Id.
Dr. Gibeau concluded that Defendant is psycho-sexually immature. Defendant was sexually abused as a child by his older brothers, and his own sexual offending behavior in this case is similar in nature to the abuse he suffered at the hands of his brothers. R.C. 2950.09(B)(2)(j). In addition, Dr. Gibeau found that Defendant has a strong preoccupation with sexual activity. Defendant claims that he has had over one hundred sexual partners. Id.
Some of the evidence presented at the hearing was favorable to Defendant. For example, Defendant has no previous convictions for any sex offenses and he has not had any major disciplinary infractions while incarcerated. Defendant is older than most repeat offenders. Defendant acknowledged his sexual offending behavior while in prison, and he has completed the Magellan sex offender and substance abuse treatment programs. Defendant is also acquiring various job skills like computer training.
Some of the evidence presented in this case weighs against a finding that Defendant is likely to commit sex offenses in the future. For instance, Defendant has no history of other sex offenses. Additionally, during the years he has been in prison Defendant has acknowledged his criminal conduct and has taken advantage of some of the educational and rehabilitative programs available to him.
On the other hand, as we previously discussed, there is substantial evidence in this case which permits a reasonable inference that Defendant poses a high risk for reoffending. After considering the relevant statutory factors and weighing all of the information presented at the hearing, the trial court concluded that Defendant is likely to reoffend in the future, and designated him a sexual predator. Viewing the information presented at the hearing in a light most favorable to the State, as we must, State v. Jenks (1991), 61 Ohio St.3d 259, we find that a rational trier of fact could find by clear and convincing evidence that Defendant is likely to commit additional offenses in the future. The trial court's finding that Defendant is a sexual predator is supported by legally sufficient evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.