OPINION
Defendant, Wilbur Harper, appeals from the trial court's determination that he is a sexual predator., Defendant was convicted by a jury in 1993 of rape, attempted rape and kidnaping. The trial court sentenced Defendant to concurrent prison terms which total eight to twenty-five years.
On March 14, 2001, a sexual offender classification hearing was held. At the conclusion of that hearing the trial court designated Defendant a sexual predator. Defendant has now timely appealed from that designation.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DETERMINING THAT CLEAR AND CONVINCING EVIDENCE EXISTED TO CLASSIFY APPELLANT AS A SEXUAL PREDATOR.
In order to adjudicate Defendant a sexual predator, the trial court must find by clear and convincing evidence that Defendant had been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3).
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477; State v. Ingram (1992),82 Ohio App.3d 341.
Defendant's conviction for rape constitutes a sexually oriented offense. R.C. 2950.01(D)(1). Thus, the only remaining issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson (2001), 92 Ohio St.3d 584 . Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion,"Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id. The statutory guidelines are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Defendant alleges that the State failed to present "clear and convincing evidence" that he is likely to engage in the future in additional sex offenses. We disagree.
The State introduced at the hearing Court's Exhibit I which includes the House Bill 180 Screening Instrument, the Police Report from this incident, a Forensic Evaluation of Defendant performed by Dr. Kim Stookey, the Institution's Screening Instrument, and the Institution Summary Report. The trial court reviewed all of the information contained in these documents before making its determination.
This evidence demonstrates that the victim of Defendant's sexual offense, a fifteen year old girl, was pulled into Defendant's car when she handed him change for a quarter. Defendant was thirty years old at the time. Defendant fondled the victim and then grabbed her by the back of the neck and pushed her head down to his lap, forcing her to perform oral sex upon him. Defendant then got into the back seat with the victim where he attempted to have vaginal intercourse with her. Defendant discontinued his attempts after the victim indicated it was painful.
Dr. Stookey noted that Defendant did not express any remorse for his conduct. To the contrary, Defendant denied committing the offense. Defendant indicated that one of his core beliefs was that "it is a man's duty to have more than one woman." Dr. Stookey observed that forcible rapists such as Defendant, as a class, recidivate at a high rate of up to fifty percent. Additionally, Defendant's marital status, single, portrays an increased risk for sexual reoffending when coupled with these other facts., Defendant has been incarcerated for seven years. He has had three disciplinary actions during that time, including one for consensual sexual conduct. Defendant has completed self-awareness and stress management programs. Defendant is currently participating in sex offender treatment. Defendant remains in denial about his sexual offending behavior, however, and he indicated to Dr. Stookey that he intends on being honest about everything, except his offending, during his treatment. Dr. Stookey indicated that Defendant cannot succeed in his treatment until he accepts responsibility for his crime, and even then is required because of Defendant's stated intention to be dishonest with treatment staff.
The trial court emphasized two particular factors in classifying Defendant a sexual predator. First, Defendant's continued denial that he committed this offense prevents successful treatment. Coupled with a high rate of recidivism for rapists, Defendant's refusal to accept responsibility for his crime increases the likelihood that he will reoffend in the future. Second, Defendant's statement to Dr. Stookey that he intended to be honest about all things, except this offense, also increases the likelihood that Defendant will reoffend., Defendant-Appellant's counsel contended at oral argument that his continued protestations of innocence ought not work against him to support a sexual predator determination, suggesting that he is being punished for claiming that he's innocent, which is his right. That is his right, but the issue of his guilt was judicially determined by his conviction for the underlying offense, which is not now affected by his claims of actual innocence. Also, a sexual predator determination is not "punishment," as such. State v. Cook (1998), 83 Ohio St.3d 404. Further, in this instance there was evidence supporting the victim's eyewitness identification of Defendant-Appellant as the culprit; she identified him as well by the make and model of his car and its license plate number, which she wrote down as he drove off after releasing her. For all those reasons, Defendant-Appellant's protestations of innocence belie the historical facts and may be taken into account as false, and therefore as an indicator of his potential to reoffend.
Some of the evidence presented in this case weighs against a finding that Defendant is likely to commit additional sex offenses in the future. Defendant has no history of other offenses, including sex offenses, and he is currently forty years of age. On the other hand, some of the evidence presented which we previously discussed is clearly probative of the increased risk for sexual reoffending that Defendant poses. After considering the relevant statutory factors and weighing all of the information presented at the hearing, the trial court concluded that Defendant is likely to reoffend in the future, and designated him a sexual predator.
Viewing the information presented at the hearing in a light most favorable to the State, as we must, State v. Jenks (1991),61 Ohio St.3d 259, we find that a rational trier of fact could find by clear and convincing evidence that Defendant is likely to commit additional offenses in the future. The trial court's finding that Defendant is a sexual predator is supported by legally sufficient evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.