OPINION
Defendant-appellant, Robert Seals, appeals the decision of the Warren County Court of Common Pleas adjudicating him to be a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
On April 11, 2001, appellant pled guilty to five counts of gross sexual imposition. The victims were his two daughters, ages seven and two. On May 21, 2001, the trial court held a sexual predator hearing pursuant to R.C. 2950.09(B). The trial court adjudicated appellant a sexual predator. From the decision of the trial court, appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM TO BE A SEXUAL PREDATOR.
Appellant contends that there was insufficient evidence to support the sexual predator classification. In particular, appellant argues that there is no clear and convincing evidence that he is likely to re-offend.
R.C. 2950.09(B)(2) provides that the trial court, in making a determination as to whether an offender is a sexual predator, shall consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one of more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court must "consider" these factors before adjudicating an offender to be a sexual predator. State v. Thompson (2001),92 Ohio St.3d 584, 588. This simply means that the trial court must reflect upon them or "think about them with a degree of care or caution."Id. at fn. 1. However, the trial court has the discretion to determine what weight, if any, to assign the factors. Id. at paragraph one of the syllabus.
When reviewing the statutory factors related to the sexual predator determination, the trial court may use reliable hearsay, such as a presentence investigation report. State v. Cook (1998), 83 Ohio St.3d 404,425. The trial court is not required to find that the evidence presented supports a majority of the R.C. 2950.309(B)(2) factors before making the sexual predator classification, but may rely upon one factor more than another, depending upon the circumstances of the case. State v. Boshko
(2000), 39 Ohio App.3d 827, 840. Even a single conviction may support a finding that a defendant is a sexual predator in certain cases. Id.
In the present case, the trial court reviewed appellant's pre-sentence investigation report. The report, along with evidence at the hearing, reveal that appellant was convicted on five separate counts of gross sexual imposition. The multiple offenses demonstrate a continuing course of conduct. He is thirty years old while his victims were his seven-year-old and two-year-old daughters. The offenses were facilitated by the authority he exerted over the victims as their father. Appellant could offer no explanation for his behavior.
Upon review of the record, we find that there is clear and convincing evidence which supports the trial court's determination that appellant is a sexual predator. The assignment of error is overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.