[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In August 2001 defendant-appellant Randy Hutley was indicted for rape and aggravated burglary. He pleaded guilty in return for an agreed sentence of seven years. The trial court held a sexual-offender-classification hearing in October 2001. The trial court found Hutley to be a sexual predator.
Hutley appeals that finding, raising two assignments of error: (1) that the sexual-offender law, R.C. Chapter 2950, is unconstitutional for various reasons, and (2) that the trial court erred in finding him to be a sexual predator.
We overrule the first assignment because the Ohio Supreme Court has already rejected Hutley's constitutional arguments.[1] We overrule the second assignment because it has no merit. This was not a case where the offender was in prison for years after the offense and may have been rehabilitated. This hearing took place a few weeks after Hutley had pleaded guilty to breaking into a house and anally raping a five-year-old child. After reviewing the record, we hold that the trial judge's finding was supported by clear and convincing evidence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this judgment entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., HILDEBRANDT and WINKLER, J.J.
[1] State v. Thompson (2001), 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276; State v. Williams (2000), 88 Ohio St.3d 513,2000-Ohio-428, 728 N.E.2d 342, certiorari denied sub nom. Suffecool v.Ohio (2000), 531 U.S. 902, 121 S.Ct. 241; State v. Cook (1998)83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570, certiorari denied sub nom. Cook v. Ohio (1999), 525 U.S. 1182, 119 S.Ct. 1122.