OPINION
Robert Hayden appeals from his classification as a sexual predator by the Montgomery County Common Pleas Court.
Hayden was convicted of rape in May 1990 and sentenced to an indefinite sentence of 10-25 years. On September 7, 2001, the trial court conducted a classification hearing. At the hearing the parties entered into a number of stipulations in lieu of presenting testimony.
The trial court considered the report of Dr. Susan Dyer, a forensic psychologist. Dr. Dyer interviewed Hayden and administered the MMPI test to him. She also considered a number of reports including a report summarizing Hayden's institutional record. Dr. Dyer noted that Hayden had been convicted of attempted rape in 1984 and was sentenced for that offense. She noted that it is known that a rape-type offense is one of the highest recidivism type offenses and a child molester is somewhat lower. The victim in both offenses were adult females.
Dr. Dyer then reviewed the legal criteria cited in R.C. 2950.09(B)(2). She noted that Hayden was at a somewhat lower risk for reoffending because he is presently 42 years of age. She noted that criminal history especially a history of offenses of a sexual nature is one of the highest risk factors. She noted the defendant had juvenile convictions for grand theft and aggravated burglary as well as his adult conviction for attempted rape.
Dr. Dyer noted that Hayden was on parole when he committed the second rape offense and that he did not participate in sex offender treatment while incarcerated. She noted that lack of institutional treatment increases Hayden's risk of reoffending. She also noted that his two rape convictions suggest a pattern of abuse and Hayden did threaten to kill his rape victim and her children in the 1990 offense according to the police reports.
Dr. Dyer also noted that Hayden had previously been diagnosed with an Adult Anti-social Personality Disorder and she agreed with that diagnosis. She noted that the MMPI produced an invalid profile because Hayden was so "defensive" in his responses during the test. She noted that Hayden denied that he raped the victim.
The trial court found Hayden to be a sexual predator by clear and convincing evidence after referring at length to Dr. Dyer's report. The appellant contends in his sole assignment of error that the trial court erred in making that determination.
Specifically, Hayden notes that his pre-parole report indicated that "current personality testing shows no indication of emotional disorder." Also he notes that he completed some schooling in prison including an employee communication course and a victim awareness empathy program. He also notes there was no evidence that he employed excessive cruelty in committing the rape offense.
The State argues that there was an abundance of evidence to support the trial court's determination.
Revised Code 2950.09(B)(2) sets forth a list of factors, which are guidelines designed to assist judges in making the appropriate sex offender classification. State v. Thompson (2001), 92 Ohio St.3d 584,752 N.E.2d 276, 2001-Ohio-1288. The factors include:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one of more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
These guidelines, however, do not control a judge's discretion. Statev. Thompson, at 587. The trial court has discretion to determine what weight, if any, will be assigned to each factor. Further, the trial judge is directed to consider all relevant factors including, but not limited to, those listed in the Revised Code. State v. Thompson, at 587-588.
A trial court's ruling that an offender should be designated a sexual predator will not be disturbed on review absent a showing that the trial court abused its discretion in making that ruling. State v. Bush
(December 15, 2000), Montgomery App. No. 18273, unreported, at 2. After carefully considering this record, we cannot say the trial court abused its discretion in classifying Hayden as a sexual predator.
Dr. Dyer testified that some of the statutory factors are not useful in predicting future sexual misconduct. We have noted in the past our belief that these factors appear to us to be quite arbitrary. State v.Champion (August 4, 2000), Montgomery App. No. Case No. 18044, unreported. It is however undisputed that Hayden committed two serious sex offenses in a six year period. He refused to accept responsibility for either crime and refused to participate in an institutional program to address his conduct like the Polaris program. Dr. Dyer said Hayden's lack of institutional treatment increases his risk for reoffending. We see no error in the trial court's finding and the assignment of error is overruled.
The judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.