This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kenneth Greenleaf, appeals from the decision of the Summit County Court of Common Pleas. We affirm in part and reverse in part.
{¶ 2} On October 10 and November 1, 2002, Mr. Greenleaf was indicted on fourteen counts. Thereafter, on February 4, 2002, he pled guilty to the charge of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, and the charge of rape, in violation of R.C.2907.02(A)(2). A sexual predator classification hearing and a sentencing hearing were held on February 28, 2002. The trial court found Mr. Greenleaf to be a sexual predator. Mr. Greenleaf was sentenced on March 4, 2002. This appeal followed.
{¶ 3} Mr. Greenleaf asserts three assignments of error. We will discuss each in turn.
 First Assignment of Error {¶ 4} "THE SENTENCE OF DEFENDANT TO NINE YEARS FOR THE OFFENSE OF RAPE IS CONTRARY TO LAW."
{¶ 5} In his first assignment of error, Mr. Greenleaf asserts that the trial court erred by imposing more than the minimum sentence on the charge of rape, in violation of R.C. 2907.02(A)(2), without first making the requisite findings on the record pursuant to R.C. 2929.14(B). Pursuant to R.C. 2929.14(B), when imposing a sentence for a felony, if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender or others. The state concedes that the trial court failed to make the required findings anywhere in the record. Mr. Greenleaf's first assignment of error is sustained with regard to his sentence for the rape conviction. Mr. Greenleaf's sentence is vacated and remanded for resentencing in accordance with this opinion.
 Second Assignment of Error {¶ 6} "THE TRIAL COURT ERRED IN ITS ADJUDICATION OF DEFENDANT AS A SEXUAL PREDATOR."
{¶ 7} In his second assignment of error, Mr. Greenleaf asserts that the trial court erred in finding him to be a sexual predator pursuant to Chapter 2950. Specifically, he asserts that there was insufficient evidence presented to prove by clear and convincing evidence that Mr. Greenleaf was likely to engage in sexually oriented offenses in the future. We disagree.
{¶ 8} In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender was convicted of or pled guilty to a sexually oriented offense, as defined in R.C. 2950.01(D), and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In determining whether the offender is likely to engage in one or more sexually oriented offenses in the future, R.C. 2950.09(B)(3)[1] requires the trial court to consider all relevant factors, including, but not limited to, the following:
{¶ 9} "(a) The offender's * * * age;
 {¶ 10} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 13} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender[;]
 {¶ 16} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
{¶ 19} Although the trial court must consider these guidelines in reaching its decision, the trial court retains discretion to determine what weight, if any, each guideline will be assigned. State v. Thompson
(2001), 92 Ohio St.3d 584, paragraph one of the syllabus. Furthermore, the trial court may consider other evidence relevant to determining the likelihood of recidivism, although the evidence is not specifically enumerated in what is now R.C. 2950.09(B)(3). Id.
{¶ 20} After reviewing all testimony and evidence presented at the sexual offender classification hearing, and considering the R.C.2950.09(B)(3) guidelines, the trial court must determine by clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(4). Clear and convincing evidence is that which will produce a firm belief or conviction as to the matter to be established in the mind of the trier of fact. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. "In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard." State v.Hoagland (Apr. 11, 2001), 9th Dist. No. 20262.
{¶ 21} In the present case, Mr. Greenleaf does not dispute that he was convicted of sexually oriented offenses, namely rape, in violation of R.C. 2907.02(A)(2), and unlawful sexual conduct with a minor, in violation of R.C. 2907.04. See R.C. 2950.01(D)(1). Rather, he contends that the trial court's determination that he was likely to engage in one or more sexually oriented offenses in the future was supported by insufficient evidence as a matter of law.
{¶ 22} A review of the record in this case demonstrates that the trial court considered the relevant factors in determining that Mr. Greenleaf was likely to engage in one or more sexually oriented offenses in the future and that the court's classification of Mr. Greenleaf as a sexual predator is supported by clear and convincing evidence. The record indicates that the victim, who was thirteen and fourteen years old during the offenses, was the step-daughter of Mr. Greenleaf, who was forty-nine years old when the offenses began. Mr. Greenleaf had been the victim's step-father since she was seven years old and shared a home with the victim and her mother. Further, the offenses were continuing offenses, occurring approximately November of 2000 through April of 2001. In the February 28th hearing, a police officer testified that, when she spoke with Mr. Greenleaf, he confessed to the charges. The officer testified that, approximately twice a week, Mr. Greenleaf touched the victim's bare chest, digitally penetrated her with his fingers, rubbed his penis on the victim's stomach and back, and ejaculated on her. Additionally, Mr. Greenleaf would have the victim perform oral sex on him and "masturbate
him." In the hearing, reference was also made to a police report noting an alleged incident in which Mr. Greenleaf supposedly chased the victim down the hall and threw her on the ground before the routine acts began. Evidence was introduced that, at the time of the offenses, the victim had recently undergone a serious medical procedure, namely a kidney transplant. Evidence was also introduced that Mr. Greenleaf appeared to blame the victim at some point for his actions, stating that the victim was a very needy person. After an independent review of the record, we conclude that the trial court's decision to designate Mr. Greenleaf a sexual predator was supported by sufficient evidence. Accordingly, Mr. Greenleaf's argument is without merit.
 Third Assignment of Error {¶ 23} "THE COURT ERRED IN ITS DENIAL TO CONSIDER AND ADMIT EXHIBITS DURING THE SENTENCING PHASE."
{¶ 24} In his third assignment of error, Mr. Greenleaf asserts that the trial court erred when it neither considered or admitted his exhibits. We disagree.
{¶ 25} In the present case, Mr. Greenleaf's counsel referred to several items generally, including a tape, pictures and a card, in the February 28th hearing. The pictures and card were not marked and entered as exhibits. Similarly, the tape, while appearing to be marked, is not referred to in the hearing with reference to this marking and was not entered as an exhibit. On appeal, several items are included in the trial court record. Again, except for the tape, these items are not marked nor does the transcript contain a certification by the court reporter that any of these specific items are exhibits of the court. Rather, the items are simply included with the trial court record. Consequently, as these items are not properly before this court on appeal, this court cannot even consider the alleged error in the admission of the items.
{¶ 26} Furthermore, even if the tape is properly before this court, Mr. Greenleaf's argument is without merit. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Mr. Greenleaf asserts that the tape should have been admitted so that evidence of the victim's kidney transplant surgery would not be "one-sided;" however, Mr. Greenleaf has failed to assert how this tape is relevant to the issue. The tape was recorded prior to the victim's kidney transplant surgery and contains a discussion between the victim and her doctor regarding the fact that a kidney transplant would benefit her life but that there would still remain the possibility of complications or future problems related to her kidney. Additionally, the tape contains a discussion with the victim's mother regarding the possibility of being a kidney donor. The tape recording at issue is not relevant to, nor detracts from, the fact that the victim had recently had surgery when the criminal acts occurred. The trial court did not abuse its discretion when it did not admit the tape into evidence. Mr. Greenleaf's third assignment of error is overruled.
{¶ 27} Mr. Greenleaf's first assignment of error is sustained. The remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part. The cause is remanded for further proceedings consistent with this decision.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] By amendment effective January 1, 2002, the provision providing relevant factors to be considered by the trial court now appears at R.C.2950.09(B)(3).