This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Zoran Kovacevic, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On December 3, 1984, Appellant pled guilty to the charge of kidnapping, in violation of R.C. 2905.01(A)(4), and the charge of rape, in violation of R.C. 2907.02(A)(1). He was sentenced to a term of imprisonment. A hearing to determine sexual offender classification was held on April 1, 2002. Upon reviewing the evidence, the trial court classified Appellant as a sexual predator pursuant to R.C. 2950.09. This appeal followed.
{¶ 3} Appellant raises one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO O.R.C. SECTION 2950.09."
{¶ 5} In his assignment of error, Appellant asserts that the trial court erred in finding him to be a sexual predator pursuant to Chapter 2950. Specifically, he asserts that there was insufficient evidence presented to prove that he was likely to engage in sexually oriented offenses in the future. We disagree.
{¶ 6} In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender was convicted of or pled guilty to a sexually oriented offense, as defined in R.C. 2950.01(D), and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In determining whether the offender is likely to engage in one or more sexually oriented offenses in the future, R.C. 2950.09(B)(3)[1] requires the trial court to consider all relevant factors, including, but not limited to, the following:
{¶ 7} "(a) The offender's * * * age;
 {¶ 8} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 9} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
 {¶ 10} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 11} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 12} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 13} "(g) Any mental illness or mental disability of the offender[;]
 {¶ 14} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 15} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 16} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
{¶ 17} Although the trial court must consider these guidelines in reaching its decision, the trial court retains discretion to determine what weight, if any, each guideline will be assigned. State v. Thompson
(2001), 92 Ohio St.3d 584, paragraph one of the syllabus. Furthermore, the trial court may consider other evidence relevant to determining the likelihood of recidivism, although the evidence is not specifically enumerated in what is now R.C. 2950.09(B)(3). Id.
{¶ 18} After reviewing all testimony and evidence presented at the sexual offender classification hearing, and considering the R.C.2950.09(B)(3) guidelines, the trial court must determine by clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(C)(2)(b). Clear and convincing evidence is that which will produce a firm belief or conviction as to the matter to be established in the mind of the trier of fact. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. "In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard." State v.Hoagland (Apr. 11, 2001), 9th Dist. No. 20262.
{¶ 19} In the present case, Appellant does not dispute that he was convicted of a sexually oriented offense. See R.C. 2950.01(D)(1). Rather, he contends that the trial court's determination that he was likely to engage in one or more sexually oriented offenses in the future was supported by insufficient evidence as a matter of law.
{¶ 20} A review of the record in this case demonstrates that the trial court considered the relevant factors in determining that Appellant was likely to engage in one or more sexually oriented offenses in the future and that the court's classification of Appellant as a sexual predator is supported by clear and convincing evidence. The record indicates that Appellant had been stalking the victim prior to the incident, that he had planned to get her to stop her car that night by telling her that her taillights were out, and, also, that he had placed a knife and rope in his car, possibly to assist him in his plans. Appellant had been seen the night of the incident in the restaurant where the victim and her father had eaten dinner. Thereafter, once Appellant got the victim to stop her car, Appellant bound the victim with her own belt and dragged her into the woods. At the April 1, 2002 hearing, Lieutenant Matthew Marino of the Cuyahoga Falls Police Department testified that, when Appellant was interviewed at the scene of the incident, Appellant was calm, claiming that he and victim had merely had a lover's quarrel, in spite of the fact that he did not know her name. Later, when Appellant was searched, police found one of the victim's earrings that Appellant had placed into his pocket. The trial court noted that the nature of the conduct involved anal, oral, and vaginal intercourse so forceful that the victim required stitches. Additionally, the victim suffered an anal infection from Appellant's act. The trial court stated the Appellant had displayed cruelty, threatening to kill the victim and causing her to suffer bruises on her legs, thighs and neck when he tried to choke her. The trial court also stated that Appellant had stalked the victim, planned a way to talk to the victim, forcibly pulled the victim out of her car window, and dragged her into the woods to rape her. Finally, the trial court noted that, at the time of the incident, Appellant had maintained that the intercourse was consensual, that he had denied his actions, and that he had shown no remorse. Upon reviewing the record in the present case, we find that the trial court did not err in finding, by clear and convincing evidence, that Appellant is a sexual predator. Further, with regard to Appellant's assertion on appeal that a new psychological evaluation should have been performed, we note that Appellant never requested a new psychological evaluation and did not object to any reliance upon such evidence at the trial court level. Accordingly, Appellant's argument is without merit.
{¶ 21} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
CARR, P.J., WHITMORE, J. CONCUR.
[1] By amendment effective January 1, 2002, the provision providing relevant factors to be considered by the trial court now appears at R.C.2950.09(B)(3).