{¶ 43} Although I concur with the majority opinion's disposition of this case, I write separately with regard to its discussion of appellant's third assignment of error.
 {¶ 44} I cannot agree that the trial court's decision is analyzed under a "sufficiency" standard, as the majority opinion implies. Rather, the Ohio Supreme Court has stated the trial court is to engage in aweighing process when considering the factors it finds relevant. Statev. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Therefore, since there are no "elements" to be proven, a de novo examination of the evidence is unnecessary.
 {¶ 45} An appellate court's review instead is limited to the following: whether the record supports a conclusion the appellant had a fair hearing, was ably represented by competent counsel, and whether the trial court both considered the criteria under R.C. 2950.09(B)(2) and fairly evaluated the evidence. State v. Cook, 83 Ohio St.3d 404 at 426, 1998-Ohio-291. This court remains mindful in its review of a sexual predator determination that weight and credibility of the evidence are matters primarily left to the trial court. State v. Childs (Apr. 19, 2001), Cuyahoga App. No. 78076. The trial court's decision in this case is well-supported. State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497. Consequently, I agree with the majority's disposition of appellant's third assignment of error, but without any suggestion the state must prove appellant's status "beyond a reasonable doubt." Statev. Rogers, Cuyahoga App. No. 80435, 2002-Ohio-3443.