{¶ 35} On Assignment of Error Three, I concur in judgment only. I agree that the case should be remanded because the trial court did not comply with all the requirements under R.C.2950.09(B)(4). However, I do not agree with the majority's understanding of those requirements. I believe Judge Fain's original analysis of the statutory language was correct when he said "the trial court's failure to [include a discussion on the record of the particular evidence and factors upon which the trial court relied in making its finding of a sexual predator]does not constitute reversible error." State v.Weaver, Montgomery App. No. C.A. 18532, 2001-Ohio-1531, subsequently overruled in State v. Marshall, (Nov. 16, 2001) Montgomery App. No. 18587; 2001 Ohio App. LEXIS 5146.
 {¶ 36} The Supreme Court of Ohio has spelled out what a "model" hearing would contain. State v. Eppinger, (2001),91 Ohio St.3d 743. I do not read that decision, however, as mandating, rather than encouraging, that model hearing, nor do I see any basis for such a requirement in the statute.
 {¶ 37} R.C. 2950.09(B) lists factors the court "shall consider." The statute does not specify that the court is required to discuss those factors on the record. Nor does the statute specify that the court gives its reasons. R.C.2950.09(B)(4) states merely that the court "specify that the determination was pursuant to division (B) of this section." Moreover, this determination shall be made "in the offender's sentence and the judgment of conviction that contains the sentence."
 {¶ 38} The Supreme Court of Ohio has explained, albeit in a footnote, what the word consider means: `"to reflect on: think about with a degree of care or caution.' Webster's Third New International Dictionary (1986) 483." State v. Thompson,92 Ohio St.3d 588. The Eighth District cited this definition with approval in State v. Jones, 2002-Ohio-1273, 2002 Ohio App. LEXIS 1269. The Eleventh District even more specifically addressed this issue:
 {¶ 39} We would note that in State v. Kase, 1998 Ohio App. LEXIS 4498, *4 (Sept. 25, 1998,) Lake App. No. 97-A-0083, unreported, 1998 WL 682392, this court held that in imposing consecutive sentences pursuant to R.C. 2929.14(E)(3), the trial court must include in the record "some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." That holding was based, in part on the language of R.C. 2929.19(B)(2)(c), which requires a court to gives it [sic] reasons for imposing consecutive sentences under R.C. 2929.14. However, the sexual predator statutory languagedoes not contain any equivalent to R.C. 2929.29(B)(2)(c) thatwould require a trial court to identify the "specific operativefacts" underlying its finding that a defendant should beadjudicated a sexual predator.
 {¶ 40} Nevertheless, we would indicate that it would be better practice on the part of a trial court to reference, in its judgement entry, its findings regarding the R.C. 12950(B)(B)(2) evidential factors, as they relate to a determination, as to whether one of the classifications under R.C. 2950.01, et seq., regarding sexual predator, habitual sex offender, or sexual offender should apply to one who has committed a sexually oriented offense. The obvious purpose of this suggestion is to facilitate appellate review. (Emphasis added.)
 {¶ 41} State v. Campbell, 2000 Ohio App. LEXIS 6091 (Dec. 22, 2000) *10-11.
 {¶ 42} I agree with the Eleventh District in its distinction between "better practice" and a requirement.