[Cite as *State v. Williams*, 2019-Ohio-69.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106820

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERMAINE WILLIAMS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-93-293419-ZA

**BEFORE:** Kilbane, A.J., E.A. Gallagher, P.J., Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 10, 2019

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
John T. Martin
Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶1} Defendant-appellant, Jermaine Williams ("Williams"), appeals from his habitual sex offender classification under Megan's Law. For the reasons set forth below, we affirm.

{¶2} In August 1993, Williams pled guilty to kidnapping and attempted rape. The trial court then sentenced Williams to a total of 7 to 25 years in prison to be served concurrent to his sentence in his other sex offense case — Case No. CR-92-287761-ZA (sexual battery). A copy of the sentencing transcript was not part of the appeal, and the corresponding journal entry indicates that the trial court did not classify Williams as an habitual sexual offender at sentencing. The sentencing entry states,

> Williams is sentenced to Lorain Correctional Institution, for a term of (7) seven years to (25) twenty-five years on Count (1) One and for a term of (7) seven years to (15) fifteen years on Count (2) Two, counts to run concurrent and concurrent with CR 293417 and CR 287761.

{¶3} In January 2018, the matter was set for a sexual predator hearing under H.B. 180. At the hearing, the trial court did not find Williams to be a sexual predator, but found him to be an habitual sex offender not subject to the community notification requirement. Williams was notified of his obligation to personally register his address and related information with the sheriff where he lives and works annually for the next 20 years.

{¶4} Williams now appeals, raising the following single assignment of error for review.

Assignment of Error

[Williams] could not be found to be a[n] habitual sex offender under Megan's Law because he was already a[n] habitual sex offender under the law that existed prior to the enactment of Megan's Law.

{¶5} Williams argues that because he was already an habitual sexual offender when he was convicted in 1993 under pre-Megan's Law sexual registration laws, he cannot now be retroactively classified under Megan's Law. In support of his argument, he relies on *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

{¶6} Prior to Megan's Law, R.C. Chapter 2950 was Ohio's law governing the registration and classification of sex offenders and the ensuing community notification requirements. *Bodyke* at ¶ 3. Under these laws, an habitual sexual offender included "any person who is convicted two or more times, in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section" and Williams would have been required to register for a period of ten years after his release from prison. Former R.C. 2950.01 and 2950.06, eff. Oct. 4, 1963.

{¶7} In *Bodyke*, the court recognized that these laws have evolved substantially since their inception in 1963. *See* former R.C. Chapter 2950, 130 Ohio Laws 669. The court stated, "[t]he original version of the statute was seldom used, *Sears v. State*, 12th Dist. Clermont No.

CA2008-07-068, 2009-Ohio-3541, ¶ 23, and it existed without amendment for three decades."

*Bodyke* at ¶ 3.

{¶8} Megan's Law, which was effective July 1, 1997, repealed prior versions of R.C. Chapter 2950 and created Ohio's first comprehensive registration and classification system for sex offenders. *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 7, citing 146 Ohio Laws, Part II, 2560. Under Megan's Law, a sentencing court was required to determine whether a sex offender fell into one of three classifications: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. *State v. Cook*, 83 Ohio St.3d 404, 407, 1998-Ohio-291, 700 N.E.2d 570.

{¶9} In *Bodyke*, the Ohio Supreme Court reviewed the reclassification scheme of the Adam Walsh Act, which required the attorney general to reclassify offenders who were previously classified under Megan's Law. The court found that this reclassification was unconstitutional. The court stated:

> 2. R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine.
>
> 3. R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments.

*Id.*, at paragraphs two and three of the syllabus.

{¶10} The Ohio Supreme Court's holding in *Bodyke*, however, is inapplicable to the instant case. *Bodyke* interpreted the reclassification of sex offenders under the Adam Walsh Act, whereas the instant case involves the classification under Megan's Law, not a reclassification. Additionally, the Ohio Supreme Court has repeatedly rejected claims that the

retroactive application of Megan's Law is unconstitutional. *See Cook* (where the Ohio Supreme Court upheld the application of Megan's Law over retroactivity and ex post facto claims); *State v. Williams*, 88 Ohio St.3d 513, 2000-Ohio-428, 728 N.E.2d 342 (where the Ohio Supreme Court rejected the suggestions that Megan's Law impermissibly intruded on the individual's rights to maintain privacy, to acquire property, to pursue an occupation, and to maintain a favorable reputation); *State v. Thompson*, 92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276 (where the Ohio Supreme Court rejected a separation-of-powers argument); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110 (where the Ohio Supreme Court rejected assertions that the amendments to Megan's Law violated the Ex Post Facto Clause of the United States Constitution and the retroactivity provision in the Ohio Constitution).

{¶11} In the instant case, there is no evidence in the record before us that Williams was classified as an habitual sexual offender under former R.C. 2950.06 when he was sentenced in 1993. Indeed, the journal entries do not contain language regarding his classification. As the *Bodyke* court recognized, "[t]he original version of the statute was seldom used[.]" *Id.* at ¶ 3, citing *Sears*, 12th Dist. Clermont No. CA2008-07-068, 2009-Ohio-3541. Since Williams was not classified as an habitual sexual offender and ordered to register under the registration laws that preceded Megan's Law, Williams was not reclassified at the January 2018 sentencing hearing. Based on the record before us, he was classified for the first time in 2018. Under the established precedence, the trial court was within its authority to classify Williams as an habitual sex offender with a 20-year registration requirement.

{¶12} Therefore, based on the foregoing, the trial court's classification of Williams as an habitual sex offender under Megan's Law is proper.

{¶13} The sole assignment of error is overruled.

**{¶14}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR