OPINION
Thomas Petry is appealing the judgment of the Montgomery County Common Pleas Court, which found him to be a sexual predator.
Mr. Petry was indicted on May 24, 1990 with six counts of rape, eight counts of gross sexual imposition, and one count of felonious sexual penetration. The charges arose out of inappropriate sexual activity between Mr. Petry and his step-daughter, biological daughter, and an eleven year old friend of his daughter. On July 17, 1990, Mr. Petry pled guilty to three counts of rape and was sentenced to a ten to 25 year term of incarceration on each count, to be served concurrently.
A sexual predator hearing was held on May 30, 2001. The trial court found by clear and convincing evidence that Mr. Petry is a sexual predator. Mr. Petry has filed this timely appeal from this designation.
Mr. Petry raises the following assignments of error:
 "1. THE EVIDENCE PRESENTED AT APPELLANT'S SEXUAL PREDATOR HEARING WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN [SIC] OR MORE SEXUALLY-ORIENTED OFFENSES.
 "2. THE LOWER COURT FAILED TO CONDUCT A SEXUAL PREDATOR HEARING IN CONFORMANCE WITH SECTION 2950.09(B) OF THE OHIO REVISED CODE.
 "3. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN REGARD TO THE PRESENTATION OF HIS SEXUAL PREDATOR HEARING, AND AS A RESULT, WAS DENIED DUE PROCESS OF LAW."
Appellant's first assignment of error:
 Mr. Petry argues that the evidence presented at the sexual predator hearing was insufficient to prove that Mr. Petry was likely to re-offend. We disagree.
When reviewing a trial court's sexual predator finding, the appellate court examines the record and determines whether sufficient evidence exists to satisfy the required level of proof. State v. Eaton, Montgomery App. No. 18690, 2001-Ohio-1760. A sexual predator designation must be based on clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved." State v. Ingram (1992), 82 Ohio App.3d 341, 346. Clear and convincing evidence is "more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." Id.In order to designate a defendant a sexual predator, the trial court must find the defendant: (1) has been convicted of or pleaded guilty to committing a sexually oriented offense, and (2) is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). To determine whether there is clear and convincing evidence that a defendant is a sexual predator, the court must consider the following list of non-exclusive factors:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offenses for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." State v. Thompson, 92 Ohio St.3d 584, 586-587, 2001-Ohio-1288; see also R.C. 2950.09(B)(2).
The trial court has the discretion to determine what weight, if any, to assign to any one factor. Thompson, supra at 585. A trial court also has the discretion to consider any other evidence that it finds relevant to the determination of whether a defendant is likely to engage in the future in one or more sexually oriented offenses. Id.
The evidence admitted at the hearing demonstrated that Mr. Petry sexually abused his step-daughter on "countless" occasions over a five year period, beginning when she was thirteen years old. (3/21/2001 Psychological Evaluation, p. 5, hereinafter "Dyer"; 8/20/90 Psychological Evaluation, p. 7). Mr. Petry also sexually abused his thirteen year old biological daughter for three or four months. (Pre-sentence report, p. 2; 6/27/90 Psychological Report, p. 6). Additionally, when his biological daughter's eleven year old friend visited the house, Mr. Petry engaged in sexual acts with her. (Pre-sentence report, p. 3; 8/20/90 Psychological Evaluation, p. 6).
In Dr. Dyer's psychological report, she stated, "Certainly, multiple victims does [sic] speak to the issue of an offender's willingness to be more pervasive in his offending behaviors." (Dyer, p. 5). Additionally, she noted the "ongoing molest of at least one of his victim's [sic] for a number of years." Id. at 6. Dr. Dyer found that "[t]his certainly constitutes a pattern of abuse and does heighten risk." Id.
Moreover, Mr. Petry had a previous criminal conviction for manufacturing counterfeit U.S. currency. (Pre-sentence Report, p. 3). Mr. Petry received a five year suspended sentence on this conviction and served three years of probation. As a part of this probation, Mr. Petry attended counseling which he had completed. (Dyer, p. 5). However, while Mr. Petry was on probation and attending counseling, he was engaging in illegal sexual activity with his step daughter. (Pre-sentence Report, p. 3) The fact that Mr. Petry committed the above crimes while on probation for another offense indicates an inability on Mr. Petry's part to be deterred from criminal re-offending.
The evidence revealed that Mr. Petry had completed the eighteen month Monticello Program in 1990 and a year in after-care in 1996 after his conviction for the instant offenses. However, despite his completion of these courses, Dr. Dyer noted that Mr. Petry remained in denial. (Dyer, p. 6). Specifically, Dr. Dyer stated, "While Mr. Petry has never denied his actions in the instant offenses. He continues * * * to deny sexually deviant attraction to children. Even though he has `successfully' completed a term of treatment, his understanding of his behavior is still naive. He believes that he molested these children only because he had access to them and did not have access to an adult female. Such a conceptualization is not only naive but misses the very important factor of sexual deviance itself." Id. at 6. Further, Dr. Dyer found that Mr. Petry's treatment "has been too brief and/or too superficial to meet his needs." Id. at 7. Dr. Dyer opined that Mr. Petry's treatment was unsuccessful based on his denial that he was sexually attracted to children, Mr. Petry's belief that the instant offenses occurred because he was "left alone with someone younger than legal," Mr. Petry's inability to "delineate his relapse prevention plan (an integral part of successful treatment wherein an offender identifies steps he will take to intervene when deviant impulses arise)," and his inability to "delineate his own cycle of offending (those incidents that occur in an individual's particular offending history)." Id. at 3.
The evidence demonstrating that Mr. Petry's treatment had been unsuccessful was given the most weight by the trial court, which stated that "[w]hile Mr. Petry is to be commended for taking part in treatment, I believe his resistance to understanding what's going on and to see himself as just taking advantage of being alone with someone younger indicates someone who, given the same circumstances, will re-offend again." (Tr.11).
The evidence presented at the hearing of Mr. Petry's criminal history, the age of his victims, the fact the he abused his victims over a period of time, and the fact that sexual offender treatment was not successful was sufficient evidence to find Mr. Petry a sexual predator by clear and convincing evidence. The first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 Mr. Petry argues that the trial court failed to comply with R.C. 2950.09(B)'s hearing requirements because the court failed to question Mr. Petry or inquire of him whether he wished to testify or address the court. We disagree.
In order to adjudicate an offender to be a sexual predator, the trial court must conduct a hearing in accordance with R.C. 2950.09(B)(1). R.C.2950.09(C)(2). R.C. 2950.09(B)(1) provides that at the hearing, "the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator." R.C. 2950.09(B)(1). This statute is violated when a defendant is denied the opportunity to testify or to present witnesses on his behalf. State v. Eppinger,91 Ohio St.3d 158, 162, 2001-Ohio-247.
Mr. Petry argues that he was denied the opportunity to address the court, testify, or an opportunity to address any questions the court had in reading the stipulated documents. However, there is no evidence in the record to support that Mr. Petry requested and was denied the opportunity to testify, address the court or answer questions. At the hearing, evidence was admitted and both counsel for the State and for Mr. Petry presented closing arguments in which they identified portions of the presentence report and psychological reports that addressed the R.C.2950.09(B)(2) factors and which were probative of the issue of whether Mr. Petry was likely to engage in the future in one or more sexually oriented offenses. (Tr. 5-9). The trial court then discussed the particular evidence and factors upon which it relied in reaching its determination that Mr. Petry was a sexual offender. As there is no evidence that Mr. Petry requested an opportunity to testify, present witnesses, address the court, or answer questions, we do not find that he was denied this opportunity and further find that he received a fair hearing. Mr. Petry's second assignment of error is without merit and is overruled.
Appellant's third assignment of error:
 Mr. Petry argues that he received ineffective assistance of counsel because his counsel did not hire an expert to testify on his behalf, did not call Dr. Dyer to testify, or call Mr. Petry to testify. We disagree.
We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. Counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 2064-65. To obtain a reversal based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the proceeding would have been different. See id. at 2064. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 2065.
Mr. Petry asserts that his counsel was deficient because he did not request the appointment of an expert and did not call Dr. Dyer to testify. As to Mr. Petry's claim that his counsel was deficient for failing to request the appointment of an expert, Mr. Petry presents no evidence as to what this expert would have presented. Additionally, Mr. Petry has offered no evidence as to how the testimony of the expert would have changed the outcome of the hearing. Mr. Petry claims that he would have been in a better position to cross-examine Dr. Dyer if he had an expert appointed. However, Dr. Dyer was not called to testify and therefore was not subject to cross-examination by Mr. Petry. Dr. Dyer's psychological report was admitted into evidence and Mr. Petry's counsel directed the court to portions of the report which indicated Mr. Petry had a lower likelihood of recidivism. We cannot say that Mr. Petry's counsel fell below an objective standard of reasonableness in failing to request the trial court to appoint an expert.
Additionally, Mr. Petry asserts that his counsel was ineffective for failing to call Dr. Dyer or Mr. Petry to testify at the hearing. However, the decision not to call Dr. Dyer to testify may have been a tactical decision on the part of Mr. Petry's counsel. Mr. Petry's counsel could have believed that Dr. Dyer's live testimony would have been more damaging than her report and that the State's cross-examination would have only emphasized the factors that indicated Mr. Petry was likely to recidivate. Mr. Petry's counsel may have reasonably decided to direct the court's attention to factors in Dr. Dyer's report that favored Mr. Petry rather than call the doctor to testify. Similarly, Mr. Petry's counsel may have made a strategic decision not to call Mr. Petry to testify because he believed his testimony may have been more prejudicial than beneficial. Mr. Petry's testimony may have only reinforced his denial of his sexually deviant attraction to children and his failure to have a clear understanding of his cycle of offending or a relapse prevention plan. Therefore, trial counsel may have strategically decided to not call Mr. Petry to testify. Also, Mr. Petry does not offer what additional evidence would have been presented through his testimony or that of Dr. Dyer or how the testimony would have changed the outcome of the hearing. We are unable to conclude that Mr. Petry's counsel at the hearing was deficient or that but for this deficiency the outcome of the trial would have been different. The third assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.