[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
{¶ 2} In 1987, defendant-appellant James Henry pleaded guilty to rape and was sentenced to ten to twenty-five years in prison. In 1998, Henry was adjudicated a sexual predator. On appeal, this court held that the evidence presented at the hearing did not support a finding that Henry was likely to commit another sexually-oriented offense.[1] We reversed the adjudication and remanded the case for another sexual-predator-classification hearing in compliance with the Eppinger
model.[2] Following the remand, the trial court held a new hearing and again found Henry to be a sexual predator. Henry now appeals that determination. In a single assignment of error, Henry challenges the weight and sufficiency of the evidence.
{¶ 3} On remand, the trial court had ordered that Henry be examined by a psychiatrist. Then the court held a new classification hearing. At the hearing, the police officer who had originally investigated the rape offense in 1987 testified to the facts of the case. She testified that Henry had taken a three-year-old girl between two buildings where he had vaginal intercourse with her and had her perform oral sex on him. A neighbor yelled at Henry, and as he tried to leave the area with the child, several neighbors chased him. A physical examination of the little girl revealed a vaginal tear. Her hymen had been violently ruptured, and there was bleeding. At the time, Henry had denied his involvement in the offense.
{¶ 4} The court heard testimony from the court-appointed psychiatrist who had evaluated Henry in February 2002. Henry had related to the psychiatrist that he had been sexually abused by an older female cousin from the time he was four years old until he was approximately eleven years old. As an adult, Henry had no ongoing adult relationships that were healthy and intimate. Henry had abused alcohol for years, and he had numerous arrests for alcohol-related offenses. Henry admitted to the psychiatrist that he had raped the three-year-old girl. The psychiatrist had received documentation that indicated that Henry had completed a substantial portion of a sex-offender treatment program while he was imprisoned.
{¶ 5} The psychiatrist testified that she had performed a series of assessments and evaluated various risk factors, including Henry's multiple prior convictions, his antisocial traits and personality disorders, the rape offense as it involved a stranger, and the absence of a lasting healthy and intimate relationship in Henry's adulthood. After considering Henry's history, the various risk factors, and the data from an actuarial instrument, the psychiatrist concluded that Henry posed a substantial risk of re-offending.
{¶ 6} The state also presented documentary evidence, including the indictment, the grand-jury transcript, Henry's criminal record, and an institutional adjustment summary, as well as the psychiatrist's report.
{¶ 7} At the hearing, Henry testified that he had been involved in counseling while he was in the prison system, and that he had participated in sex-offender treatment programs. He testified that his own chances of re-offending were "slim."
{¶ 8} In compliance with the Eppinger model, the trial court reviewed the state's evidence and noted on the record the statutory factors in R.C. 2950.09(B)(2) that were relevant to Henry's likelihood of recidivism. The court considered Henry's age and prior criminal offenses, the age of the rape victim, Henry's anti-social personality disorders, and the nature of Henry's conduct in having "intercourse and oral sex" with a three-year-old child. The court further considered Henry's "longstanding matters of disregarding the rights of others, repeated criminal acts, and lack of responsibility with regard to work and financial obligations prior to the rape charge; the fact that this was kind of an arbitrary victim and an unrelated victim; the rape victim was a stranger to Mr. Henry; that Mr. Henry has never married and never had a lasting healthy intimate relationship in his adulthood."
{¶ 9} The court noted Henry's difficulty in maintaining sobriety despite repeated treatment interventions, his frequent unemployment and homelessness in the years preceding the rape, his failure to maintain a healthy relationship with an age-appropriate partner, and his resort to brief sexual relationships and visits to prostitutes. Consistent with the procedure for weighing the evidence announced in State v. Thompson,[3]
the court concluded that the state had presented clear and convincing evidence that Henry was a sexual predator.
{¶ 10} Upon review, we hold that the trial court had sufficient evidentiary material before it to create a firm belief that Henry "is likely to engage in the future in one or more sexually oriented offenses."[4] Accordingly, we conclude that there was clear and convincing evidence to support the trial court's determination that Henry is a sexual predator.
{¶ 12} Therefore, we overrule the assignment of error and affirm the judgment of the trial court.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Henry (Dec. 12, 2001), 1st Dist. No. C-010289.
[2] State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881.
[3] 92 Ohio St.3d 584, 587-588, 2001 Ohio 1288, 752 N.E.2d 276.
[4] R.C. 2950.01(E); Eppinger, supra, at 162, 2001-Ohio-247,743 N.E.2d 881.