This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Craig Allen Riffle, appellant, appeals from the decision of the Summit County Court of Common Pleas. This Court affirms.
{¶ 2} As pertinent to this appeal, on September 7, 1995, the Summit County Court of Common Pleas found appellant guilty of two counts of rape, in violation of R.C. 2907.02(A)(1)(b), two counts of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The convictions related to appellant's sexual conduct involving a minor under thirteen years of age. Appellant was sentenced to a term of imprisonment. A hearing to determine sexual offender classification was held on June 27, 2002. Upon reviewing the evidence, the trial court classified appellant as a sexual predator pursuant to R.C. 2950.09. This appeal followed.
{¶ 3} Appellant raises two assignments of error:
 First Assignment of Error
{¶ 4} "THE TRIAL COURT ERRED IN DECIDING THAT THE APPELLANT TO BE A SEXUAL PREDATOR. [sic.]"
{¶ 5} In his first assignment of error, appellant avers that the trial court erred in determining that he was a sexual predator. Specifically, appellant asserts that there was not clear and convincing evidence that he was a sexual predator. Additionally, appellant asserts that the trial court did not follow the procedure set forth in R.C.2950.09(C) because the court held a sexual predator hearing without evidence of a recommendation from the Department of Rehabilitation. This Court disagrees with appellant's assigned errors.
 Clear and Convincing Evidence
{¶ 6} In discussing the appropriate standard of review to be applied in sexual predator adjudications, this Court stated:
{¶ 7} "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is `some competent, credible evidence' to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41 ("We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence." (Citations omitted.)); State v. Gibson, 4th Dist. No. 01 CA19, 2002-Ohio-5232, ¶ 9.
{¶ 8} "***
{¶ 9} "In sum, when applying the clearly erroneous standard of review to sexual predator adjudications, this Court must determine whether there exists some competent, credible evidence in the record that would clearly and convincingly support a conclusion that a defendant is likely to commit another sexual offense." State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6 and ¶ 10.
{¶ 10} As the appellant was sentenced prior to the effective date of R.C. 2950.09 and remained imprisoned after the effective date, the trial court conducted a sexual predator hearing under R.C. 2950.09(C). In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender was convicted of or pled guilty to a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In determining whether the offender is likely to engage in one or more sexually oriented offenses in the future, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors, including, but not limited to, the following:
{¶ 11} "(a) The offender's *** age;
{¶ 12} "(b) The offender's *** prior criminal *** record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
{¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed *** involved multiple victims;
{¶ 15} "(e) Whether the offender *** used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 16} "(f) If the offender *** previously has been convicted of or pleaded guilty to *** a criminal offense, whether the offender *** completed any sentence *** imposed for the prior offense *** and, if the prior offense *** was a sex offense or a sexually oriented offense, whether the offender *** participated in available programs for sexual offenders;
{¶ 17} "(g) Any mental illness or mental disability of the offender[;]
{¶ 18} "(h) The nature of the offender's *** sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 19} "(i) Whether the offender ***, during the commission of the sexually oriented offense for which sentence is to be imposed ***, displayed cruelty or made one or more threats of cruelty;
{¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's *** conduct."
{¶ 21} Although the trial court must consider these guidelines in reaching its decision, the trial court retains discretion to determine what weight, if any, each guideline will be assigned. State v. Thompson
(2001), 92 Ohio St.3d 584, paragraph one of the syllabus. Furthermore, the trial court may consider other evidence relevant to determining the likelihood of recidivism, although the evidence is not specifically enumerated in what is now R.C. 2950.09(B)(3). Id.
{¶ 22} In the present case, appellant does not dispute that he was convicted of a sexually oriented offense. See R.C. 2950.01(D)(1). Rather, he generally refers to a trial court's determination as to whether an offender is likely to engage in one or more sexually oriented offenses in the future and asserts that the trial court's decision was not supported by the evidence.
{¶ 23} A review of the record in this case demonstrates that the trial court considered the relevant factors in determining that appellant was likely to engage in one or more sexually oriented offenses in the future and that the court's classification of appellant as a sexual predator is supported by clear and convincing evidence. The record indicates that, when the minor child was twelve years old, she informed her parents that the appellant had touched her in a sexual manner several times. Specifically, the appellant was her stepfather and the sexual contact had been taking place for four years, since the minor child was eight years old. Appellant had informed the minor that, if she told on him, he would go to jail, her mother would be without him, and the whole situation would be the minor's fault. While appellant first confessed his actions to the police, approximately one week later, he telephoned the minor's father and asked him to drop the charges. The trial court noted the young age of the minor and, also, the fact that the sexual contact occurred multiple times. Additionally, the court noted the nature of the relationship between the minor and appellant. The trial court referred to the nature of appellant's conduct. Evidence was introduced in the hearing that appellant would often try to penetrate the minor with his penis and, if he did not succeed, he would revert to performing oral sex on the minor, informing her that it would be easier if she would just "loosen it up." Appellant would also have the minor perform masturbation on him. Finally, the trial court noted that appellant had a prior history; specifically, appellant had been found guilty of gross sexual imposition in 1988. Upon reviewing the record in the present case, this Court finds that the trial court did not err in finding, by clear and convincing evidence, that appellant is a sexual predator.
 Procedure
{¶ 24} With regard to appellant's assertion that there is not a recommendation from the Department of Rehabilitation this Court notes that, while an actual recommendation is not in the record before us, the trial court clearly indicates in its July 1, 2002 journal entry that the sex offender status hearing was held "upon receipt of a recommendation from the Department of Rehabilitation and Correction[.]" However, assuming arguendo that the Department of Rehabilitation did not make a recommendation to the trial court, appellant's argument that the trial court cannot hold a sexual predator hearing and adjudicate an offender a sexual predator without evidence of a recommendation from the Department of Rehabilitation is a narrow reading of R.C. 2950.09(C). Such a narrow reading has been addressed and rejected by this Court. See State v.Shepherd (Feb. 6, 2002), 9th Dist. No. 20364; see, also, State v.Schoolcraft (Apr. 24, 2002), 9th Dist. No. 01CA007892.
{¶ 25} In Schoolcraft, this Court addressed whether a lack of a recommendation would affect the jurisdiction of the trial court to hold a sexual predator hearing and held that "a recommendation, either positive or negative, from the ODRC regarding an inmate's sexual offender status is not a prerequisite for a sexual predator hearing and a sexual predator adjudication, but merely a mechanism by which the trial court receives a sexual predator adjudication case." Id. This Court held that a trial court can hold a hearing and classify sexual offenders without a recommendation, noting that a trial court is not bound by a recommendation and, also, that R.C. 2950.01(G) did not contain any provisions requiring a trial court to receive a recommendation before a sexual predator hearing could be held or a classification determined.Id.
{¶ 26} As the Department of Rehabilitation's recommendation was not a prerequisite for appellant's sexual predator hearing or classification, the assigned error is without merit. Appellant's first assignment of error is overruled.
 Second Assignment of Error
{¶ 27} "R.C. 2950 IS UNCONSTITUTIONAL."
{¶ 28} In his second assignment of error, appellant asserts that R.C. 2950.09 is unconstitutional. Appellant raises issues with regard to this argument but concedes that, under the current case law, his argument is without merit. This Court agrees. State v. Williams (2000),88 Ohio St.3d 513; State v. Cook (1998), 83 Ohio St.3d 404; State v.DeAngelo (Mar. 10, 1999), 9th Dist. No. 97CA006902. Appellant's second assignment of error is overruled.
{¶ 29} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.