OPINION
{¶ 1} Defendant, Charles Baker, appeals from his conviction and sentence for gross sexual imposition and his designation as a sexual predator.
 {¶ 2} Defendant entered a plea of no contest pursuant to a negotiated plea agreement, to one count of Gross Sexual Imposition, R.C. 2907.05(A)(4), and was found guilty by the trial court. In exchange, the State dismissed another count charging the same offense. The trial court sentenced Defendant to two years imprisonment, and designated him a sexual predator.
 {¶ 3} Defendant has timely appealed to this court. He challenges only his designation as a sexual predator.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "The trial court erred in determining that appellant was a sexual predator."
 {¶ 5} In order to adjudicate Defendant a sexual predator, the court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C.2950.09(B)(3).
 {¶ 6} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 7} Defendant's conviction for gross sexual imposition constitutes a sexually oriented offense. R.C. 2950.01(D)(1)(a). Thus, the only issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 8} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factorsrelevant, they are only potentially relevant. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 9} The statutory guidelines are:
 {¶ 10} "(a) The offender's age;
 {¶ 11} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 14} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender;
 {¶ 17} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 20} The trial court conducted a sexual offender classification hearing. Ms. Thomai Bessler of the court's Adult Probation Department testified regarding the House Bill 180 screening instrument she prepared relative to Defendant's sex offender status. Ms. Bessler checked off those statutory factors in R.C. 2950.09(B)(2) listed on the screening instrument which she found applicable in this case. Those factors were: the victim was under eighteen years of age, a pattern of abuse exists because Defendant has molested other children over the years, and an additional behavioral characteristic that contributes to Defendant's conduct is that he minimizes his sexual offending behavior by blaming his victim. Ms. Bessler recommended that Defendant be designated a sexual predator. The trial court subsequently decided, however, that it would not consider Ms. Bessler's recommendation.
 {¶ 21} Dr. D. Susan Perry-Dyer, a forensic psychologist who examined Defendant relative to his sex offender status, also testified at the classification hearing. She discussed the statutory factors listed in R.C. 2950.09(B)(2) and whether, as applied to this case, they demonstrate an increased risk of sexual reoffending by Defendant. In addition, the trial court admitted into evidence Dr. Perry-Dyer's report, and Ms. Bessler's presentence investigation report which included the House Bill 180 screening instrument.
 {¶ 22} Dr. Perry-Dyer testified about certain factors in this case that lower Defendant's risk for sexual reoffending. For example, Defendant sees himself as someone who has a sexual offending problem, he is willing to take some responsibility for his actions, and he has some motivation to seek treatment. R.C.2950.09(B)(2)(j). In addition, offenders who are child molesters and commit incest type offenses, such as Defendant, have a lower base rate of recidivism than rapists. R.C. 2950.09(B)(2)(j). Furthermore, Defendant's age, forty-nine, lowers his risk of reoffending somewhat. R.C. 2950.09(B)(2)(a).
 {¶ 23} Dr. Perry-Dyer testified that Defendant's lack of any prior convictions for any offense, the fact that Defendant did not use alcohol or drugs to impair this victim, the lack of any previous sexual offender treatment, the absence of mental illness, the fact that no cruelty was displayed during this offense, and the absence of any other relevant behavioral characteristics are all neutral factors that neither increase nor decrease Defendant's risk for reoffending. R.C. 2950.09(B)(2)(b), (e)-(g), (i)-(j).
 {¶ 24} Dr. Perry-Dyer also testified about the specific factors present in this case that increase Defendant's risk for reoffending. For instance, the age of the victim. The victim here was nine, a preteen. But Defendant admitted to Dr. Perry-Dyer that over the years he has molested older children who were teenagers. That increases Defendant's risk for reoffending because there is a larger target population of victims available for offenders who molest children across all age ranges. R.C.2950.09(B)(2)(c). Additionally, Defendant has pursued his deviant behavior with multiple victims over the years. Although this offense only involved one victim, Defendant admitted molesting three other children over the years. That increases his risk for reoffending. R.C. 2950.09(B)(2)(d). Furthermore, there is a demonstrated pattern of abuse in Defendant's case not only because he has molested other children over the years, but also because he had repeated sexual contact with this nine year old victim over a period of time. That increases Defendant's risk for reoffending. R.C. 2950.09(B)(2)(h).
 {¶ 25} At the conclusion of the hearing the trial court designated Defendant a sexual predator. In making that determination the trial court did not consider Ms. Bessler's recommendation. In weighing the factors in R.C. 2950.09, and based upon Dr. Perry-Dyer's testimony, the trial court found that there is a large target population of potential victims available to Defendant because he has demonstrated over the years that he is willing to pursue his deviant behavior with multiple victims: children of all ages. R.C. 2950.09(B)(2)(c), (d). The court also found that a pattern of abuse exists here because Defendant engaged in multiple acts of sexual contact with this nine year old victim over time, and because Defendant has had multiple victims over the years. R.C. 2950.09(B)(2)(h).
 {¶ 26} The trial court further found that Defendant minimizes his sexual offending behavior by claiming that his victim encouraged his deviant behavior. R.C. 2950.09(B)(2)(j). Finally, the court expressed concern that the victim in this case was Defendant's niece or step-niece, and that all of Defendant's victims over the years have been family members whom Defendant would be expected to protect, but, he instead uses his relationship with the victim to facilitate the offense. R.C.2950.09(B)(2)(j). In that regard Dr. Perry-Dyer noted that there is no need for Defendant to use drugs or alcohol to impair his victims because he targets children who are family members and typically he has an authoritative relationship with them and the child acquiesces.
 {¶ 27} On this record there are some risk factors in R.C.2950.09(B)(2) that reduce Defendant's risk of reoffending. Several others are neutral, having no proven correlation to the risk one way or the other. Many others, however, are clearly probative of the increased risk for sexual reoffending that Defendant poses. After considering and weighing all of the factors, the trial court found that Defendant is likely to engage in the future in additional sex offenses, and it designated him a sexual predator. We conclude that there is clear and convincing evidence in this record to support the trial court's conclusion.
 {¶ 28} This assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 29} "The trial court abused its discretion in allowing irrelevant and speculative evidence to be presented at the sexual predator hearing."
 {¶ 30} Whether to admit or exclude evidence which is offered is a matter committed to the trial court's sound discretion, and an appellate court may not disturb that decision absent a finding that the trial court abused its discretion and that the complaining party has been materially prejudiced as a result.State v. Issa, 93 Ohio St.3d 49, 2001-Ohio-1290.
 {¶ 31} Defendant argues that the trial court abused its discretion when it permitted Thomai Bessler, the court's probation officer, to state a recommendation that Defendant be classified a sexual predator. He argues that Bessler was not competent to state the opinion, not being an expert in a relevant scientific discipline, and that as a lay witness she is barred from stating an opinion on an ultimate issue to be decided.
 {¶ 32} "Testimony in the form of an opinion or inferenceotherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." Evid.R. 704. (Emphasis supplied.)
 {¶ 33} Ms. Bessler's opinion was not "otherwise admissible." It was lay opinion, which must be "rationally based on the perception of the witness." Evid.R. 701. Ms. Bessler's opinion was, instead, based on facts in the "screening instrument" she had prepared, which included matters of which she lacked personal knowledge. A witness may not testify except on proof that he has personal knowledge of the matter concerned. Evid.R. 602.
 {¶ 34} A probation officer's presentence investigation report typically contains a recommended sentence. That practice does not run afoul of the Rules of Evidence, because the particular sentence the court imposes doesn't involve an ultimate issue of law or fact.
 {¶ 35} A trial court's determination that a defendant should be classified a sexual predator is an ultimate issue of mixed fact and law. Further, it is the product of an evidentiary hearing. See R.C. 2950.09(B)(1), (3) and (4). Therefore, the Rules of Evidence apply, though they don't apply "strictly."State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291.
 {¶ 36} We need not find whether the trial court abused its discretion when it admitted evidence of Ms. Bessler's opinion, however. There was no objection, and so all but plain error is waived. State v. Wickline (1990), 50 Ohio St.3d 114. Plain error does not exist unless but for the error, the outcome of the proceeding clearly would have been different. State v. Long
(1978), 53 Ohio St.2d 91.
 {¶ 37} A plain error finding is not supported by the record. The trial court stated that it did not consider the recommendation when it determined to classify Defendant a sexual predator. Therefore, Defendant could not have been prejudiced by the error he waived when he failed to object to evidence of the probation officer's opinion, avoiding any basis to reverse on a finding that she was not competent to state the opinion.
 {¶ 38} This assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.