OPINION
{¶ 1} Defendant, Thomas Graham, appeals from his convictionfor sexual battery and his designation as a sexual predator.
 {¶ 2} Pursuant to a negotiated plea agreement, Defendantentered a no contest plea to one count of sexual battery inviolation of R.C. 2907.03(A)(1) which was charged via a bill ofinformation. In exchange, the State dismissed two charges of rapeof a substantially impaired victim in violation of R.C.2907.02(A)(1)(c), and two charges of rape by force or threat offorce in violation of R.C. 2907.02(A)(2). The trial court foundDefendant guilty and sentenced him to five years of communitycontrol with specific conditions. The court also designatedDefendant a sexual predator. The victim of the offense isDefendant's sister who is mentally challenged and has cerebralpalsy.
 {¶ 3} Defendant has timely appealed to this court from hisconviction. He challenges only his classification as a sexualpredator.
 ASSIGNMENT OF ERR0R {¶ 4} "The evidence presented at appellant's sexualclassification hearing was not sufficient as a matter of law toprove, by clear and convincing evidence, that appellant waslikely to engage in the future in one or more sexually orientedoffenses and, therefore, appellant should not have beenclassified as a sexual predator."
 {¶ 5} In order to adjudicate Defendant a sexual predator, thecourt must find by clear and convincing evidence that Defendanthas been convicted of or pled guilty to a sexually orientedoffense and that "he is likely to engage in the future in one ormore sexually oriented offenses." R.C. 2950.01(E); R.C.2950.09(B)(3); State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247.
 {¶ 6} "Clear and convincing evidence is that measure or degreeof proof which will produce in the mind of the trier of facts afirm belief or conviction as to the allegations sought to beestablished. It is intermediate, being more than a merepreponderance, but not to the extent of such certainty as isrequired beyond a reasonable doubt as in criminal cases. It doesnot mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 7} Defendant's conviction for sexual battery constitutes asexually oriented offense. R.C. 2950.01 (D)(1)(a). Thus, the onlyissue is whether Defendant is likely to engage in the future inanother sexually oriented offense.
 {¶ 8} In determining the likelihood of recidivism, the trialcourt is mandated by R.C. 2950.09(B)(2) to consider the factorsrelating to the offender which are set out at paragraphs (a)through (j) therein. While the statute deems the factorsrelevant, they are only potentially relevant. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 9} The statutory guidelines are:
 {¶ 10} "(a) The offender's age;
 {¶ 11} "(b) The offender's prior criminal record regarding alloffenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually orientedoffense for which sentence is to be imposed;
 {¶ 13} "(d) Whether the sexually oriented offense for whichsentence is to be imposed involved multiple victims;
 {¶ 14} "(e) Whether the offender used drugs or alcohol toimpair the victim of the sexually oriented offense or to preventthe victim from resisting;
 {¶ 15} "(f) If the offender previously has been convicted ofor pleaded guilty to any criminal offense, whether the offendercompleted any sentence imposed for the prior offense and, if theprior offense was a sex offense or a sexually oriented offense,whether the offender participated in available programs forsexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of theoffender;
 {¶ 17} "(h) The nature of the offender's sexual conduct,sexual contact, or interaction in a sexual context with thevictim of the sexually oriented offense and whether the sexualconduct, sexual contact, or interaction in a sexual context waspart of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender, during the commission of thesexually oriented offense for which sentence is to be imposed,displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics thatcontribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 20} The trial court conducted a sexual offenderclassification hearing as part of the sentencing proceeding inthis case. In making its determination the trial court consideredthe presentence investigation report, which includes the HouseBill 180 screening instrument, and the forensic report preparedby Dr. Marciani. The parties stipulated that if called to testifyDr. Marciani would testify consistent with her report. Neitherparty presented any other evidence or witnesses relative toDefendant's sexual offender status.
 {¶ 21} At the conclusion of the hearing the trial courtdesignated Defendant a sexual predator. In making thatdetermination the trial court discussed on the record the factorsin R.C 2950.09(B)(2) upon which it relied, the evidence relatingto those factors, and the weight assigned by the court to thosefactors. See: Eppinger, supra.
 {¶ 22} The trial court found that some factors, such asDefendant's age (33), and whether Defendant displayed crueltyduring the offense, do not increase his risk for recidivism.Other factors, such as the age of the victim (26), whetherDefendant used drugs or alcohol to impair the victim and preventresistance, and whether multiple victims were involved in theoffense, either have no proven correlation to the risk forrecidivism or are simply not applicable in this particular case.
 {¶ 23} The court observed that one factor, that Defendantfailed to complete previous sexual offender treatment, doesincrease the risk for recidivism. In that regard, the trial courtstated that Dr. Marciani's report indicates that as an adolescentDefendant failed to complete a sexual offender treatment program.Defendant immediately challenged the accuracy of thatinformation, asserting that Dr. Marciani misunderstood what hehad told her, and that he did in fact complete that program atPaint Creek Youth Center when he was seventeen. From the recordit appears that the trial court accepted Defendants' explanationand did not conclude that this particular factor increasedDefendant's risk for recidivism.
 {¶ 24} However, the trial court did find a number of factorspresent in this case that do increase Defendant's risk forrecidivism: in particular, Defendant's prior criminal record. Thecourt noted that as a juvenile Defendant has previous convictionsfor two sexual offenses: a gross sexual imposition in 1986 andtwo counts of rape in 1987. Although Defendant contested whetherthese offenses were all part of one case and whether the rapecharges had been dismissed, when asked by the trial courtDefendant admitted that he had been convicted of rape as anadolescent. In any event, it is clear that Defendant has one ormore convictions for sexual offenses as a juvenile, for whichDefendant spent five years in the custody of D.Y.S.
 {¶ 25} The trial court also noted that as an adult Defendanthas misdemeanor convictions for unauthorized use of a motorvehicle in Miamisburg, Ohio in 1992, theft (shoplifting) inFlorida in 1998, and making/filing a false report in Colorado in1998. Defendant has felony convictions for theft of a firearm inUtah in 1995, and the present sexual battery offense. The trialcourt indicated that Defendant's extensive criminal history,which includes previous sexual offenses, increases his risk forrecidivism and is a compelling factor in finding that Defendantis likely to engage in additional sex offenses in the future.
 {¶ 26} Another compelling factor in the court's determinationthat Defendant is likely to commit future sex offenses isevidence in Defendant's mental health records which suggest thatDefendant suffers from antisocial personality disorder, which ischaracterized by a failure to conform to societal norms. Yetanother compelling factor that increases Defendant's risk forrecidivism is his chronic pattern of abuse as reflected by hishistory of previous sexual offenses as a juvenile and the currentsexual offense at issue in this case. Defendant's history ofsexual offenses includes both male and female victims. Moreover,Defendant admitted to police having sexual contact with hissister when they were both children.
 {¶ 27} Finally, the court found that several additionalbehavioral characteristics were also compelling factors indetermining that Defendant is likely to commit additional sexoffenses in the future. These include Defendant's history ofalcohol abuse and his unstable nomadic lifestyle, his sporadicemployment, and the fact that Defendant moves about the countryconstantly and does not live in one place for long.
 {¶ 28} On this record there is at least one risk factor,Defendant's age, that actually decreases Defendant's risk forrecidivism. Several others are neutral in that they neitherincrease nor decrease Defendant's risk for recidivism, largelybecause they have no proven correlation to the risk or they areinapplicable to this particular case. Many others, however, areclearly probative of the increased risk for sexual reoffendingthat Defendant poses. The trial court gave considerable weight tothose factors, finding them to be compelling, as it was entitledto do. Thompson, supra. After considering and weighing all ofthe factors, the trial court concluded that there is clear andconvincing evidence that Defendant is likely to engage in thefuture in additional sex offenses, and the court designated him asexual predator.
 {¶ 29} In our view there is ample evidence in this record tosupport that conclusion. A review of Dr. Marciani's reportsupports the notion that there are even more risk factors presentin this case that increase Defendant's risk for recidivism thanthose on which the trial court relied in making itsdetermination. Clearly, the record is sufficient to support thetrial court's sexual predator classification.
 {¶ 30} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Brogan, J. and Young, J., concur.